# UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FORD MOTOR CO. DEFECTIVE
SPARK PLUG AND 3-VALVE ENGINE PRODUCTS
LIABILITY LITIGATION MDL No. 2316

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in the Northern District of Ohio *Perko* action seek centralization of this litigation in the Northern District of Ohio. Plaintiffs in the Central District of California and Southern District of Florida actions support centralization in the Central District of California. Common defendant Ford Motor Co. (Ford) opposes centralization.

This litigation currently consists of three actions pending in three districts, as listed on Schedule A. An additional, potentially related action is pending in the Southern District of Florida.[1]

Ford opposes centralization in large part because of the presence of individual fact issues arising in each action and because centralization may somehow delay the progress of the litigation. Plaintiffs assert that the longer the spark plugs at issue remain in a vehicle, the more difficult it becomes to remove them because increased hydrocarbon deposits make it more likely that the spark plugs will break when removal is attempted, which leads to dramatically increased repair costs. Ford alleges that the three different types of three-valve engines experience failures at different rates, and plaintiffs experienced a varying number of broken spark plugs and differing repair costs. We respectfully disagree that these circumstances weigh against centralization. Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization. *See In re Denture Cream Prods. Liab. Litig.*, 624 F. Supp. 2d 1379 (J.P.M.L.2009). The differing types of three-valve engines seem susceptible to placement in separate discovery or motion practice tracks by the transferee judge, while the other issues appear to be typical factual variances in products liability litigation. Centralization will enable a single judge to streamline pretrial proceedings and make consistent rulings on discovery disputes and dispositive motions to the benefit of all parties.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

---

[*] Judge W. Royal Furgeson, Jr., did not participate in the decision of this matter.

[1] This action and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1 and 7.2, R.P.J.P.M.L.

These actions share factual questions arising from the design or manufacture of three-valve engines used on a wide range of Ford vehicles[2] and related spark plugs. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Northern District of Ohio is an appropriate transferee forum for this litigation. The first-filed action, which was filed in this district more than a year before the next most recent action, is proceeding apace. Moreover, this district is significantly closer to Ford's Michigan headquarters, where potentially relevant documents and witnesses may be found, than is the other proposed transferee forum, the Central District of California.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Ohio are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Judge Benita Y. Pearson for centralized pretrial proceedings with the action pending there and listed on Schedule A.

IT IS FURTHER ORDERED that this litigation is renamed "In re: Ford Motor Co. Spark Plug and 3-Valve Engine Products Liability Litigation."

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          Barbara S. Jones
Paul J. Barbadoro          Marjorie O. Rendell
Charles R. Breyer

---

[2] Plaintiffs assert that the allegedly defective engines and spark plugs were installed on the following models: the 2005-2008 Ford Mustang, 2004-2008 Ford F-150, 2005-2008 Ford Expedition, 2005 Ford F-Super Duty, 2006-2008 Ford Explorer, F-53 Motorhome Chassis, 2007-2008 Ford Explorer Sport Trac, 2005-2008 Lincoln Navigator, 2006-2008 Lincoln Mark LT, and the 2006-2008 Mercury Mountaineer.

**IN RE: FORD MOTOR CO. DEFECTIVE
SPARK PLUG AND 3-VALVE ENGINE PRODUCTS
LIABILITY LITIGATION** MDL No. 2316

## SCHEDULE A

<u>Central District of California</u>

Tom Stibbie v. Ford Motor Co., C.A. No. 2:11-03870

<u>Southern District of Florida</u>

Eduardo Pezzi v. Ford Motor Co., C.A. No. 1:11-23086

<u>Northern District of Ohio</u>

Daniel Perko, et al. v. Ford Motor Co., C.A. No. 5:10-00514