IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: FORD MOTOR CO. SPARK PLUG AND THREE VALVE ENGINE PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | Case No. 1:12-MD-2316 (MDL Docket No. 2316) ALL CASES JUDGE BENITA Y. PEARSON |

**ORDER PRELIMINARILY APPROVING SETTLEMENT
AND APPROVING FORM AND MANNER OF NOTICE**
[Resolving ECF No. 95]

WHEREAS, the above-titled putative class action is pending before the Court; and

WHEREAS, Plaintiffs,[1] on behalf of themselves and the Settlement Class in the Litigation, and Defendant, Ford Motor Company ("Ford" or "Defendant"), have entered into a Stipulation of Agreement of Settlement dated as of June 5, 2015 ("Settlement Agreement"),[2] which is subject to review and approval under Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the Litigation and the dismissal of the Litigation with prejudice; and the Court, having read and considered the Settlement Agreement and the accompanying documents; and the Parties to the Settlement Agreement, having consented to entry of this Order; and all capitalized terms used herein having the same meanings set forth in the Settlement Agreement;

---

[1] Plaintiffs include Bill Anz; Chris Armstrong; Rodney Bender; Debra Black; Larry Black; Josh Brewer; Buckeye Management Group, LLC; Kelvin Clark; David Cooper; Stephen Davis; Gary Deyo; Buster Diggs; East Texas Poultry Supply; Richard Engleman; William Ernestburg; Rolland Garber; Elvis Gibbs; Donald Grubb; Duane Hough; Donald Ilgen; Michael Jacobsen; Frank Jares; Mark Jennings; Martina Jones; Terry Kimbrell; Kevin Kinch; Bill Kmet; Bela Kogler; Charles Kolinek; Wendy Lanzi; Ryan Luke; Bryan Miller; Roger Miller; Tom Ogden; Len Oniskey; Michael Pate; Daniel Perko; Eduardo Pezzi; Jason Phillips; Barbara Pignato; Ray Plunkett; Precast Services; Kinzie Quanina; Tim Sondgerath; Brian Spurgeon; Kevin Vincent; Robert Walker; Rodney Wall; Alan Weisberg; and Dennis White ("Plaintiffs").

[2] Capitalized terms have the same meaning as they do in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Pursuant to Fed. R. Civ. P. 23(b)(3), the Court preliminarily certifies, for purposes of effectuating the Settlement only, a Settlement Class consisting of all persons and entities who, prior to the Preliminary Approval Date, purchased or leased a Ford model year 2004-2008 vehicle sold or leased in the United States and equipped with a 5.4-liter 3-valve engine (including flex fuel vehicles).

2. Excluded from the Settlement Class are: (a) all federal court judges who have presided over this case and their spouses and anyone within three degrees of consanguinity from those judges and their spouses; (b) all entities and natural persons who elect to exclude themselves from the Settlement Class; (c) all entities and natural persons who have previously executed and delivered to Ford releases of all their claims; (d) all entities and natural persons who: (1) prior to the filing of the Motion for Preliminary Approval, filed an individual lawsuit (*i.e.*, a lawsuit that does not seek certification as a class action) in any court asserting causes of action of any nature, including, but not limited to, claims for violations of federal, state, or other law (whether in contract, tort, or otherwise, including statutory and injunctive relief, common law, property, warranty and equitable claims) based upon an alleged defect in the 5.4L 3-valve engine and/or spark plugs in a Class Vehicle, and (2) have not voluntarily dismissed such lawsuit without prejudice; and (e) Ford's employees, officers, directors, agents, and representatives and their family members.

3. The Court appoints Plaintiffs as Class Representatives for the Settlement Class.

4. The Court appoints Goldenberg Schneider, LPA and Shepherd, Finkelman, Miller & Shah, LLP as Lead Counsel.

5. The terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as fair, reasonable and adequate.

6. The Court approves, in form and content, the Class Notice and Long-Form Notice attached as Exhibits C1 and C2 to the Settlement Agreement, and finds that the dissemination and mailing of the Class Notice and the Internet posting of the Long-Form Notice meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and the Rules of this Court, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

7. Renkim Corporation is hereby appointed Claims Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, as more fully set forth in the Settlement Agreement.

8. The Claims Administrator may proceed with the distribution of the Class Notice as follows:

   (a) Within one hundred and twenty (120) days of the entry of this Order, the Claims Administrator shall send the Class Notice in accordance with Section III of the Settlement Agreement; and

   (b) Create the Settlement Website.

9. Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion ("Request for Exclusion") to the Claims Administrator at the address specified in the Class Notice that is postmarked no later than sixty days from the date notice is issued. Settlement Class Members who wish to be excluded from the Settlement Class must do so with respect to all Class Vehicles they own(ed) or lease(d); Settlement Class Members may not exclude themselves from the Settlement Class with respect to some Class Vehicles and include themselves in the Settlement Class with respect to other Class Vehicles. To be effective, the Request for Exclusion must be sent via first-class U.S. mail to the specified address and must:

a. include the Settlement Class Member's full name, address, and telephone number;

b. identify the model, model year, and vehicle identification number of the Settlement Class Member's Class Vehicle(s);

c. specifically and unambiguously state his/her/its desire to be excluded from the Settlement Class in *In re Ford Motor Co. Spark Plug and Three Valve Engine Products Liability Litigation*; and

d. be individually and personally signed by the Settlement Class Member (if the Settlement Class Member is represented by counsel, the Request for Exclusion additionally must be signed by such counsel).

Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion sent to the proper address, shall be subject to and bound by the Settlement Agreement and every order or judgment entered pursuant to the Settlement Agreement.

10. The Settlement Administrator shall tabulate communications from prospective Settlement Class Members asking to be excluded from the Settlement Class and shall report the names and addresses of such entities and natural persons to the Court, to Ford, and to Lead Counsel no less than seven days before the Fairness Hearing

11. Any Settlement Class Member who intends to object to the fairness of the Settlement Agreement must file any such objection with the Court, and provide copies of the objection to: (1) Jeffrey S. Goldenberg, Goldenberg Schneider, 18th Floor, One West Fourth Street, Cincinnati, OH 45202 and (2) Krista L. Lenart, Dykema Gossett PLLC, 2723 S. State St., Suite 400, Ann Arbor, MI 48104. To be considered timely, any such objection must be filed with the Court and postmarked to the attorneys listed above no later than sixty days from the date notice is issued.

Any objection to the Settlement Agreement must be individually and personally signed by the Settlement Class Member (if the Settlement Class Member is represented by counsel, the objection additionally must be signed by such counsel), and must include:

    a.    the objector's full name, address, and telephone number;

    b.    the model, model year and vehicle identification number of the Settlement Class Member's Class Vehicle, along with proof that the objector has owned or leased a Class Vehicle (*e.g.*, a true copy of a vehicle title, registration, or license receipt);

    c.    a written statement of all grounds for the objection accompanied by any legal support for such objection;

    d.    copies of any papers, briefs, or other documents upon which the objection is based;

    e.    a list of all cases in which the objector and/or his/her/its counsel has filed or in any way participated in—financially or otherwise—objections to class action settlements in the preceding five years;

    f.    the name, address, email address, and telephone number of all attorneys representing the objector; and

    g.    a statement indicating whether the objector and/or his/her/its counsel intends to appear at the Fairness Hearing, and, if so, a list of all persons, if any, who will be called to testify in support of the objection.

Any member of the Settlement Class who does not file a timely written objection to the Settlement and notice of his/her/its intent to appear at the Fairness Hearing or who fails to otherwise comply with the requirements of this section, shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

12. Pending final determination regarding approval of the Settlement, all proceedings in this Litigation other than Settlement approval proceedings shall be stayed and all Settlement Class Members who do not request exclusion from the Settlement Class shall be enjoined from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any court or before any tribunal based upon an alleged defect in the 5.4L 3-valve engine and/or spark plugs in a Class Vehicle.

13. The Court reserves the right to approve the Settlement with such modifications as may be agreed to by the Parties and without further notice to Members of the Settlement Class. The Parties shall be permitted to make any non-substantive corrections or changes to the notices to the Settlement Class, the Claim Form and other Settlement documents without seeking further approval of the Court.

14. Lead Counsel shall file papers in support of final approval of the Settlement Agreement, including their request for attorneys' fees and expenses, as well as service awards, 14 days prior to the deadline for the objections and shall also file any supplemental brief in support of final approval of the Settlement Agreement no later than seven days prior to the Fairness Hearing.

15. The Fairness Hearing pursuant to Fed. R. Civ. P. 23(e), shall be held before the Court on January 25, 2016, at 1:30 p.m. in Courtroom 351 of the United States District Court for the Northern District of Ohio, Thomas D. Lambros Federal Building and U.S. Courthouse, 125 Market Street, Youngstown, Ohio (or such adjourned time or times as the Court may without further notice direct) to:

    (a) determine whether to finally certify the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3);

(b) determine whether the terms of the Settlement Agreement and the proposed Settlement provided for therein are fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court;

(c) consider the applications for attorneys' fees and expenses, as well as service awards; and

(d) hear and rule upon such other matters as the Court may deem appropriate.

DATED: June 18, 2015 /s/ Benita Y. Pearson
THE HONORABLE BENITA Y. PEARSON
UNITED STATES DISTRICT JUDGE