IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In Re: FORD MOTOR CO. SPARK            )
PLUG AND THREE VALVE ENGINE            )     Case No. 1:12-MD-2316
PRODUCTS LIABILITY LITIGATION          )     (MDL Docket No. 2316)
                                       )     ALL CASES
                                       )
                                       )     JUDGE BENITA Y. PEARSON

## OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

Class Member, Stephen A. Kron, hereby objects to the proposed class action settlement in the proceeding known as *Daniel Perko v. Ford Motor Company*.

My name is Stephen A. Kron, and I reside at 5 Marquesa, Dana Point, CA 92629, telephone (949) 283-2214. I own a Ford F-150, model year 2004, VIN# 1FTRX12W04NC11203 and Ford F-350, model year 2004, VIN# 1FDWF36L14EC08940. Attached as Exhibit A are copies of the Notice of Settlement and the vehicle registrations as proof of ownership of a Class Vehicle. Therefore, I am a Class Member. I do not see how my past objections nor my attorneys past objections have any relevance to this objection. Neither my attorney nor I intend to call any witnesses at the Final Approval Hearing. I have read the Class Notice and find the settlement unfair as follows:

## <u>UNFAIR, UNREASONABLE, AND INADEQUATE SETTLEMENT</u>

The Class Settlement is unfair, unreasonable, and inadequate. The Court should deny the Settlement.

"[I]n evaluating the fairness of a settlement," it is essential to determine "whether the settlement gives preferential treatment to the named plaintiffs while only perfunctory relief to unnamed class members." *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 755 (6th Cir. 2013) (internal quotation marks omitted). "[S]uch inequities in treatment make a settlement unfair." *Id.* Here, the Settlement gives preferential treatment to some Class Members while providing no relief to others. The "preferential treatment" test looks to the relationship between the relief to the class representatives and the relief to the absent class members. *Vassalle*, 708 F.3d at 755 ("such inequities in treatment make a settlement unfair"); see also *In re Dry Max Pampers Litig.*, 724 F.3d at 718 (citing *Vassalle* and explaining that the rule against "preferential treatment" ensures that the settlement benefits are fairly allocated among the named plaintiffs, the absent class members, and class counsel). Here, the named Plaintiffs will receive thousands of dollars, Class Counsel will receive $5.25 million, and an unknown percentage of absent Class Members will receive nothing. The Settlement benefits are not fairly allocated, thus, the Settlement is unfair, unreasonable, and inadequate.

The Settlement creates an unfair and unreasonable claim threshold that deprives a significant number of Class Members from obtaining relief. At least one named Plaintiff paid less than $300 to have a dealer replace defective spark plugs. For example, Plaintiff Kinch paid "around $300" after his dealer discounted the amount owed. If Defendant's local dealers engaged in a pattern or practice of limiting repairs to $300 or less, numerous Class Members may be precluded from

1

obtaining relief under the Settlement, which would be unfair. Plaintiffs agree that "[t]he dealership's standard charge to remove and replace all 8 plugs from a Covered Vehicle (assuming no plugs break during the TSB removal process) is nearly $300." They further agree that "[t]his is higher than the cost to remove plugs from other vehicles because the defects in the plugs in Covered Vehicles require extra time, care, and expense to remove as required by TSB 08-7-6. These extra charges are incurred because the cost to remove plugs that do not break is higher than if the plugs were not defective." Covered Vehicle owners were already paying a premium to Defendant and local dealers at $300 for 8 plugs; Class Members should be permitted to obtain recovery for amounts less than $300.

If it is the case that no named Plaintiff paid $300 or less to replace spark plugs, then the named Plaintiffs are inadequate representatives and cannot represent a nationwide class of "all current and former owners and lessees." The Class is defined as "the Class includes all current and former owners and lessees of the following vehicles in the United States, if the vehicles have a 5.4 liter 3-valve engine: 2004-2008 Ford F-150 trucks, 2005-2008 Ford F-Super Duty trucks (e.g., F-250 and F350), 2005-2008 Ford Expeditions, 2005-2008 Lincoln Navigators and 2006-2008 Lincoln Mark LTs. The Settlement creates a $300 threshold and necessarily anticipates that some Class Members will have claims of $300 or less. Those Class Members will be entitled to zero benefits under the Settlement. The Class definition does not exclude Class Members with claims of $300 or less and therefore expects Class Members to accept a full release in exchange for nothing. It is unreasonable and unfair for the named Plaintiffs and Class Counsel to approve a Settlement where some Class Members are entitled to no benefits under the settlement. The Court should deny the Settlement and require Class Counsel to identify how many Class Members will be precluded from obtaining settlement benefits.

Some of the named plaintiffs are inadequate representatives with interests that are directly opposed to the interests of the Class. The Settlement is limited to the following Covered Vehicles: 2004-2008 Ford F-150 trucks; 2005-2008 Ford F-Super Duty trucks (F-250 and F-350 trucks); 2005-2008 Ford Expeditions; 2005-2008 Lincoln Navigators; and 2006-2008 Lincoln Mark LTs. Further, the Covered Vehicles are limited to those with 5.4 3-valve engines. Some named Plaintiffs, however, own or lease vehicles that are not included in the Covered Vehicle list, or that had a different engine type. For example, Plaintiff Perko owns a 2006 Ford Mustang. Ford Mustangs are not included in the Settlement. Any owner of a 2005-2008 Ford Mustang (identified in the TSB 08-7-6 circular) is precluded from obtaining benefits under the Settlement; yet, Plaintiff Perko will receive $5,000 as an incentive award. Because Mr. Perko will obtain benefits under the Settlement, and no other owner/lessor of a Ford Mustang will obtain benefits, the Settlement is unfair. Named Plaintiffs with vehicles/engines that are not covered in the Settlement should not be permitted to obtain any compensation under the Settlement.

## EXCLUSION OF CLASS MEMBERS – 100,000-MILE THRESHOLD

The Settlement unreasonably precludes Class Members with less than 100,000 miles from obtaining relief. Class Members whose vehicles have not reached 100,000 miles have until February 27, 2017 to reach that threshold and obtain benefits under the Settlement Agreement. *See* Class Counsel's Fee Motion at n.4. Such a requirement is unreasonable because the experiences of numerous named Plaintiffs demonstrate that spark plug replacements are necessary prior to the 100,000-mile mark and many Class Members are experiencing engine misfires now. Much like Plaintiff Phillips, who experienced engine misfires at 70,000 miles and Plaintiff Diggs, who experienced misfires at 55,000 miles, Class Members should not be forced to wait until it is too late to have their spark plugs replaced. Such restrictions create an

2

unreasonable safety hazard that places Class Members and the public in jeopardy. Class Members should be permitted to obtain spark plug replacements regardless of their total mileage.

## **EXCLUSION OF CLASS MEMBERS – DIY OWNERS**

The Settlement unreasonably excludes DIY car owners from obtaining relief. In order to obtain partial reimbursement, the cost to the Claimant must be $300 or more and the Claimant must have had the service performed by a service provider, that is a repair facility or dealership. The Settlement does not provide compensation to DIY vehicles owners, which is unfair and unreasonable. DIY vehicle owners should be permitted relief for their out-of-pocket costs, whether complete or partial relief.

Plaintiff Morse replaced his spark plugs on his own at 50,000 miles. As a result of the defective plugs, Plaintiff Morse was forced to purchase a special tool to extract the broken plugs. Plaintiff Morse successfully removed the spark plugs on his own at the cost of a special $400 tool. Though Plaintiff Morse subsequently took his vehicle to a local dealer at 100,000 miles to have the plugs removed and replaced, there are many DIY car owners that perform spark plug replacements on their own. Like Plaintiff Morse, they incurred unreasonable costs and should be permitted to obtain relief under the Settlement.

The Settlement also is unreasonable because conflicting information has been provided through the Settlement documents on one hand, and by Class Counsel on the other hand. Class Counsel contends in its Final Approval Motion that the Settlement compensates DIY Class Members. In its Final Approval Motion, Class Counsel states that it is entirely possible to obtain Out-of-Pocket Expenses that exceed $300; however, the criteria for such relief in not available to the Class. Every Settlement document indicates DIY Class Members are not entitled to relief. In fact, numerous Class Members have reached the conclusion that they are not eligible for benefits under the Settlement because they performed the spark plug replacements on their own. See Objection by Edward Westfield. Defendant's Owners Guide's also provide information for owners/lessors to perform repairs on their own. For example, the Owners Guide for 2004 F150s provides: "Replace the spark plugs with ones that meet Ford material and design specifications for your vehicle, such as Motorcraft or equivalent replacement parts. The customer warranty may be void for any damage to the engine if such spark plugs are not used. See 2004 F150 (f12), Owners Guide (post-2002-fmt) at 275." The Owners Guide not only mandates which spark plugs should be used (Ford Motorcraft plugs) but that owner vehicles may be damaged if they are not used. If it is the case that the Settlement compensates DIY vehicle owners, the Court should order a second round of Notice that clearly indicates that do-it-yourself vehicle owners are entitled to relief, the requirements for relief, and an example of what relief could total, similar to the examples in the current.

## **EXCLUSION OF CLASS MEMBERS – $300 CLAIM THRESHOLD**

The Settlement Release is unfair to Class Members that are precluded from receiving benefits under the Settlement. If the Settlement is limited to claims above $300, then the Settlement effectively extinguishes the claims of every Class Member with damages less than the $300 threshold. The Court should limit the scope of released to individuals with claims above $300. Defendant should not get the benefit of a Release that extinguishes the Claims of Class Members that are not entitled to relief. Further, the Release should be limited to all 5.4L 3-valve engine vehicles identified in the Notice, not the "operative Complaint," which includes vehicles that are not covered by the Settlement.

## UNREASONABLE ATTORNEYS' FEE REQUEST

Class Counsel's fee request is unreasonable and unfair to the Class. The burden of proving the fairness of the settlement is on the proponents. *Greenberg v. Proctor & Gamble Co. Inc.*, 724 F.3d 713, 718 (6th Cir. 2013) (quoting 4 Newberg on Class Actions § 11:42 (4th ed.); see also, e.g., *Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1216 (11th Cir. 2012); *In re Katrina Canal Breaches Litig.*, 628 F.3d 185, 196 (5th Cir. 2010)). In light of the points above, Class Counsel has not met its burden of proof. First, the named Plaintiffs are inadequate. Second, Class Counsel approved a Settlement where a significant number of Class Members are entitled to zero benefits. Third, the Notice is unclear as to whether or not DIY owners/lessors are entitled to benefits. The Court should deny Class Counsel's fee request until the Settlement's deficiencies are corrected.

_____
Stephen A. Kron, Objector


Dated: December 22, 2015

By: /s/ Simina Vourlis
Simina Vourlis, Attorney
The Law Offices of Simina Vourlis
1689 W. Third Avenue
Columbus, OH 43212-6710
T: 614.487.5900
F: 614.487-5901
svourlis@vourlislaw.com

Attorney for Objector

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on December 22, 2015 and served by the same means on all counsel of record.

/s/ Simina Vourlis