# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| In Re: FORD MOTOR CO. SPARK | ) | **Case No. 1:12-MD-2316** |
| PLUG AND THREE VALVE ENGINE | ) | **(MDL Docket No. 2316)** |
| PRODUCTS LIABILITY LITIGATION | ) | **ALL CASES** |
| | ) | |
| | ) | **JUDGE BENITA Y. PEARSON** |

## FINAL ORDER AND JUDGMENT GRANTING APPROVAL
## OF CLASS ACTION SETTLEMENT
### [Resolving ECF Nos. 107 and 108]

WHEREAS, the above-titled putative class action is pending before the Court; and

WHEREAS, Plaintiffs,[1] on behalf of themselves and the Settlement Class in the Litigation, and Defendant, Ford Motor Company ("Ford" or "Defendant"), have entered into an Amended Stipulation of Agreement of Settlement dated June 19, 2015 ("Settlement Agreement"),[2] which was preliminarily approved by this Court as fair, adequate, and reasonable pursuant to Rule 23 of the Federal Rules of Civil Procedure on June 18, 2015 [ECF No. 100] and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the Litigation and the dismissal of the Litigation with prejudice; and the Court, having read and considered the Settlement Agreement and the accompanying documents; and

---

[1] Plaintiffs include Bill Anz; Chris Armstrong; Rodney Bender; Debra Black; Larry Black; Josh Brewer; Buckeye Management Group, LLC; Kelvin Clark; David Cooper; Stephen Davis; Gary Deyo; Buster Diggs; East Texas Poultry Supply; Richard Engleman; William Ernestburg; Rolland Garber; Elvis Gibbs; Donald Grubb; Duane Hough; Donald Ilgen; Michael Jacobsen; Frank Jares; Mark Jennings; Martina Jones; Terry Kimbrell; Kevin Kinch; Bill Kmet; Bela Kogler; Charles Kolinek; Wendy Lanzi; Ryan Luke; Bryan Miller; Roger Miller; Tom Ogden; Len Oniskey; Michael Pate; Daniel Perko; Eduardo Pezzi; Jason Phillips; Barbara Pignato; Ray Plunkett; Precast Services; Kinzie Quanina; Tim Sondgerath; Brian Spurgeon; Kevin Vincent; Robert Walker; Rodney Wall; Alan Weisberg; and Dennis White ( "Plaintiffs").

[2] Capitalized terms have the same meaning as they do in the Settlement Agreement, previously filed with the Court at ECF No. 101-1.

the Court having conducted a fairness hearing on January 25, 2016 and considered all filings, evidence, and testimony presented during the hearing, including objections to the Settlement; and the Parties to the Settlement Agreement, having consented to entry of this Order; and all capitalized terms used herein having the same meanings set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.      Pursuant to Fed. R. Civ. P. 23(b)(3), the Court certifies, only for purposes of effectuating and finalizing the Settlement, a Settlement Class consisting of all persons and entities who, prior to June 18, 2015, purchased or leased a Ford model year 2004-2008 vehicle sold or leased in the United States and equipped with a 5.4-liter 3-valve engine (including flex-fuel vehicles).

2.      Excluded from the Settlement Class are: (a) all federal court judges who have presided over this case and their spouses and anyone within three degrees of consanguinity from those judges and their spouses; (b) all entities and natural persons who elected to exclude themselves from the Settlement Class as identified in the list attached as Exhibit A; (c) all entities and natural persons who have previously executed and delivered to Ford releases of all their claims; (d) all entities and natural persons who: (1) prior to the filing of the Motion for Preliminary Approval, filed an individual lawsuit (*i.e.,* a lawsuit that does not seek certification as a class action) in any court asserting causes of action of any nature, including, but not limited to, claims for violations of federal, state, or other law (whether in contract, tort, or otherwise, including statutory and injunctive relief, common law, property, warranty and equitable claims) based upon an alleged defect in the 5.4L 3-valve engine and/or spark plugs in a Class Vehicle, and (2) have not voluntarily dismissed such lawsuit without prejudice; and (e) Ford's employees, officers, directors, agents, and representatives and their

2

family members.

3.     The Settlement Class satisfies all of the requirements of Federal Rule of Civil Procedure 23(a) (including the requirements of numerosity, commonality, typicality, and adequacy) and the requirements of Rule 23(b)(3).

4.     Defendant complied with the notice requirements in the Class Action Fairness Act (28 U.S.C. § 1715). The Court's docket shows that no Attorney General objected to the Settlement Agreement or otherwise attempted to intervene or participate in the Action or the fairness hearing following receipt of the Class Action Fairness Act notice.

5.     The Court appoints and finally approves Plaintiffs as Class Representatives for the Settlement Class.

6.     The Court appoints and finally approves Jeffrey S. Goldenberg of Goldenberg Schneider, LPA and James C. Shah of Shepherd, Finkelman, Miller & Shah, LLP as Lead Counsel and as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

7.     The terms of the Settlement Agreement, and the Settlement provided for therein, are finally approved as fair, reasonable, and adequate and as being in the best interests of the Settlement Class.

8.     The terms of the Settlement Agreement, and the Settlement provided for therein, are fully and finally binding on Ford, Plaintiffs, and all Settlement Class Members who did not opt out of this Settlement.

9.     Ford shall fully implement all remaining terms of the Settlement Agreement including but not limited to the timely payment of all valid claims submitted by Settlement Class Members.

10.     The form and content of the Postcard Notice and Long-Form Notice attached as

Exhibits Cl and C2 to the Settlement Agreement satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and the Rules of this Court, and were the best notice practicable under the circumstances and constituted due and sufficient notice to all persons entitled thereto.

11. Remkin Corporation, previously appointed Claims Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, appropriately issued notice to the Settlement Class as more fully set forth in the Settlement Agreement, which included the creation and operation of the Settlement Website.

12. Having granted final approval to this Settlement, all Settlement Class Members who did not opt out from the Settlement Class are forever enjoined from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any court or before any tribunal based upon an alleged defect in the 5.4L 3-valve engine and/or spark plugs in a Class Vehicle as described in the operative Complaint in the Litigation.

13. Having granted final approval to this Class Action Settlement, the Court dismisses on the merits and with prejudice the Master Consolidated Amended Complaint in *Daniel Perko v. Ford Motor Company*, N.D. Ohio Case No. 5:10CV514 and each and every claim in every action transferred to MDL No. 2316, forever discharging the Released Parties from all Released Claims.

14. There were ten timely objections to the Settlement. While the Court has carefully considered each objection, "that some class members object to the settlement does not by itself prevent the court from approving the agreement." *Connectivity Sys. Inc. v. Nat'l City Bank*, No. 2:08-CV-1119, 2011 WL 292008, at *6 (S.D. Ohio Jan. 26, 2011). In fact, in a class of nearly 4 million, "[t]he small number of objectors is a good indication of the fairness of the

4

settlement." *Amos v. PPG Indus., Inc.*, No. 2:05-CV-70, 2015 WL 4881459, at *5 (S.D. Ohio Aug. 13, 2015) (citation omitted).  For the reasons set forth below, the Court overrules all the objections and finds them to be without merit.

15.    The Court overrules the objection of Kyle and Gina Vandruff [ECF No. 102], who object that the Settlement fails to adequately compensate Class Vehicle owners who drove more than 120,000 miles before replacing their spark plugs. The Vandruffs own a 2006 Ford F-150 and changed the spark plugs at 121,449 miles. To be eligible for Settlement benefits, a Settlement Class Member must have the spark plug change performed prior to 120,000 miles unless they were instructed by a Ford dealer to wait to complete the work. ECF No. 101-1 at PAGEID # 5488. The 120,000 mile threshold is 20,000 to 30,000 miles past the recommended mileage to perform that service as set forth in the Owner's Manuals for the Class Vehicles.

"Whether a settlement is fair, reasonable and adequate must be evaluated by examining the settlement in its entirety and not as isolated components." *Enter. Energy Corp. v. Columbia Gas Transmission Corp.,* 137 F.R.D. 240, 245-46 (S.D. Ohio 1991) (citations omitted). "The court cannot modify the proposed settlement, but must approve or disapprove the proposed settlement as a whole in relations to all of those concerned." *In re Telectronics Pacing Sys., Inc.,* 137 F. Supp. 2d 985, 1026 (S.D. Ohio 2001); *see In re Rio Hair Naturalizer Prod. Litig.,* No. MDL 1055, 1996 WL 780512, at *11 (E.D. Mich. Dec. 20, 1996) ("The touchstone for final approval is the effect on the class 'as a whole' in light of the particular circumstances ....").

The Court finds that it was reasonable for the Parties to agree to a mileage restriction on recovery as part of the negotiated resolution of this case. Once a vehicle owner makes the

decision to exceed a recommended service interval by 20-30% or more, that owner can fairly expect some additional expenses attendant to that decision. Accordingly, that a mileage restriction was negotiated does not render the overall Settlement unfair or constitutionally unjust, and that the line was drawn at 120,000 miles as opposed to 100,000 miles or 150,000 miles merely reflects fair and vigorous negotiations between the Parties.

While it is unfortunate that the Vandruffs happen to fall just outside the negotiated threshold, no matter what mileage restriction the Parties ultimately negotiated, there would always be Vehicle owners who fall just beyond the negotiated scope of recovery. However, "[i]t is neither required, nor is it possible for a court to determine that the settlement is the fairest possible resolution of the claims of every individual class member; rather, the settlement, *taken as a whole,* must be fair, adequate and reasonable." *Shy v. Navistar Int'l Corp.,* No. C-3-92-333, 1993 WL 1318607, at *2 (S.D. Ohio May 27, 1993) (emphasis in original). This objection, therefore, does not affect the overall fairness of the Settlement.

16. The Court overrules the similar objection of Paul Guthrie [ECF No. 103], who also complains about the 120,000-mile threshold in the Settlement. Mr. Guthrie states that he did not take his Class Vehicle in for a spark plug change until 191,013 miles – some 90,000 miles more than the recommended service interval. Mr. Guthrie further states that he interprets the Settlement to be an admission by Ford "that any customer who paid over $300.00 was overcharged," so that every customer should be included regardless of the mileage at the time of the spark plug change. ECF No. 103 at PAGEID # 5518. For all the reasons stated in overruling the objection of the Vandruffs, Mr. Guthrie's objection does not provide a valid basis for denying final approval to the Settlement.

17. The Court overrules the objection of Paul Henry Chalup [ECF No. 107-5, Ex.

C], who objects to the time limitation included in the Settlement that would require him to replace the spark plugs in his 2004 Ford F150 before February 17, 2017 to recover benefits. Mr. Chalup reports that as of November 21, 2015, his vehicle had only approximately 86,000 miles and it is therefore "unlikely" that he will need to replace the spark plugs within the next 13 months. Mr. Chalup argues that "(t)here should be no deadline for filing a claim for this issue." *Id.*

Through this objection, Mr. Chalup requests an open-ended claims process that would never end. While such a process may be attractive to Mr. Chalup, it is not realistic to expect a manufacturer such as Ford to act as a guarantor of its products until the end of time. Moreover, there is nothing preventing Mr. Chalup from opting to have the replacement performed prior to 100,000 miles if he wishes to be eligible for the Settlement benefits. In short, Mr. Chalup's objection does not affect the overall fairness of the Settlement.

18. The Court overrules the objection of Edward F. Westfield. [ECF No. 106]. The Court finds that Mr. Westfield has not proven that he is a Class Member, and therefore determines that he lacks standing to object to the Settlement. Specifically, under the terms of the Settlement Agreement, Settlement Class Members are those persons or entities who purchased or leased Class Vehicles on or before June 18, 2015 (*i.e.,* the Preliminary Approval Date). However, Mr. Westfield provided a temporary certificate of registration expiring on December 5, 2015 (with an issuance date of November 25, 2015), which would appear to confirm that he is not a Settlement Class Member since there is no proof of any kind provided by Mr. Westfield that he owned or leased a Class Vehicle before November 25, 2015, let alone before June 18, 2015.

Even if Mr. Westfield had proven that he were a Class Member, the Court would deny

his objection. Mr. Westfield objects that the Settlement is unfair to so-called "do-it-yourself" owners, who performed their own spark plug replacements and purchased their own tools for that purpose. Mr. Westfield claims that he paid $274.67 for two tools to use in a spark plug change because he "would not or could not afford" to take his vehicle to an authorized Ford dealership. Mr. Westfield further objects that the Settlement is unfair because it fails to pay him for his time spent changing his spark plugs.

Mr. Westfield's objection that the Settlement is unfair to "do-it-yourself" owners who spent $274.67 on parts for a spark plug change is not well taken. In fact, a "do-it-yourself" owner who spent $274.67 is in exactly the same position with respect to this Settlement as an owner who took a Covered Vehicle to a Ford dealer and paid $274.67. However, had Mr. Westfield incurred more than $300 in parts costs for his spark plug replacement, he would have been entitled to relief under the Settlement. "Out-of-Pocket Expenses" are defined in the Settlement Agreement as the documented and unreimbursed amounts paid to a third party repair facility or parts supplier for the parts and labor required to obtain a Spark Plug Replacement. Therefore, contrary to Mr. Westfield's objection, the Settlement provides relief for Settlement Class Members in this category.

To the extent that Mr. Westfield argues that he should have been reimbursed by Ford for the time he spent changing his spark plugs, the Court declines to find this a sufficient basis to deny approval to the Settlement. The Court can readily envision the administrative difficulties involved with asking individual class members to calculate what they believe to be a fair labor charge to collect from Ford for the work the class member performed. Moreover, this measure of damages may not be recoverable under any of the asserted claims. The Court does not believe the absence of such a term renders the Settlement unfair or

inadequate.

19.     The Court also overrules the objection of Warren L. Goin [ECF No. 109]. Mr. Goin has not yet replaced his spark plugs and objects to paying "any cost over $300" when he eventually does replace his spark plugs. ECF No. 109 at PAGEID # 5654. Mr. Goin argues that "Ford Motor Co. should issue a voucher in the vehicles' VIN number redeemable at a dealer for costs over $300." *Id.* Essentially, Mr. Goin complains that the Class should receive more money from Ford.

However, in this case, where Plaintiffs' expert testified that a reasonable consumer would expect to pay no more than approximately $300 for a spark plug change, Plaintiffs would have had to prevail at trial and in subsequent appeals to achieve the result desired by Mr. Goin. "[A] court may not withhold approval simply because the benefits accrued from the [agreement] are not what a successful plaintiff would have received in a fully litigated case." *Granada Investments, Inc. v. DWG Corp.*, No. 1:89CV0641, 1991 WL 338233, at *6 (N.D. Ohio Feb. 12, 1991) (citing *Williams v. Vukovich*, 720 F.2d 909, 922 (6th Cir. 1983)). Given the risks and inherent delays in proceeding, it was reasonable for Plaintiffs to agree to a compromise of their claims. *See Granada*, 1991 WL 338233, at *8 (noting that "[c]ounsels' conclusion, that the value of an immediate recovery to DWG outweighs the mere possibility of future relief after protracted and expensive litigation, was made after a competent evaluation of their case" and supports approval of the settlement as "fair, reasonable, [and] adequate"). Mr. Goin's objection does not provide a basis to deny approval to the Settlement.

20.     The Court overrules the objection of Donald Whayne [ECF No. 110], who states that he wants Ford to "reimburse me for all costs to remove and replace any and all broken plugs, including loss of time and use of vehicle," and "to publicly accept responsibility for this

alleged defect." ECF No. 110 at PAGEID # 5655. Mr. Whayne's objection fails to recognize that the Settlement "is a product of compromise efforts by adversaries. Usually neither side will attain all its goals in such a settlement." *Bronson v. Ed. Of Educ. of City Sch. Dist. of City of Cincinnati*, 604 F. Supp. 68, 78 (S.D. Ohio 1984). Mr. Whayne's insistence that he receive 100% of his costs ignores that Plaintiffs faced risks in continuing to litigate this case. Furthermore, Mr. Whayne's objection that Ford has failed to "publicly accept responsibility for this alleged defect" seeks to require Plaintiffs to obtain relief that is likely not even available under any of the asserted claims and simply cannot be achieved through litigation.

21. The Court overrules the objection of Stephen A. Kron. The Court finds that Stephen A. Kron [ECF No. 111] has not demonstrated that he has standing to object to the Settlement. *See Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 566 (6th Cir. 2001) ("The plain language of Rule 23(e) clearly contemplates allowing only class members to object…."). Plaintiffs have provided evidence that neither of the two vehicles Mr. Kron claims provide him with standing to object are actually Covered Vehicles under the Settlement. *See* ECF No. 116-1 at PAGEID # 5712-13. Furthermore, although Mr. Kron's objection attached a copy of a notice that was mailed to Kron Interiors, Inc., Mr. Kron has not provided any evidence that he is authorized to object on behalf of Kron Interiors, Inc. *See, e.g., Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001) ("[t]he corporate owner/employee, a natural person, is distinct from the corporation itself, a legally different entity with different rights and responsibilities due to its different legal status"). Therefore, in the absence of any proof that the Settlement has any impact upon Mr. Kron, or that he is bound by its terms, the Court finds that Mr. Kron does not have standing to object.

Furthermore, even if Mr. Kron were a Settlement Class Member, he could be foreclosed from presenting his objection as a result of his deliberate refusal to comply with this Court's Order

regarding the information a valid objection must contain. *See* ECF No. 100 at PAGEID # 5474 (requiring objectors to provide "a list of all cases in which the objector and/or his/her/its counsel has filed or in any way participated in—financially or otherwise—objections to class action settlements in the preceding five years"). Mr. Kron, an apparent frequent objector to class action settlements, willfully refused to do so. *See* ECF No. 111 at PAGEID # 5660 (refusing to comply with the Court's Order, and stating "I do not see how my past objections nor my attorneys [sic] past objections have any relevance to this objection"). The Court's Order was clear that a failure to comply with the requirements for a valid objection would have consequences. *See* ECF. No. 100 at PAGEID # 5474 ("Any member of the Settlement Class . . . who fails to otherwise comply with the requirements of this section, shall be foreclosed from seeking adjudication or review of the Settlement by appeal or otherwise."). Nevertheless, because the Court has an independent duty to evaluate whether the Settlement is fair, reasonable, and adequate, the Court will consider the substance of the objections presented by Mr. Kron *sua sponte*.

Mr. Kron first objects that the Settlement unfairly allocates benefits in violation of the "'preferential treatment' test" in *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 755 (6th Cir. 2013). This objection is not well taken. The settlement in *Vassalle* provided a benefit to the named plaintiffs – exoneration of the debt they owed to the defendant – that was not provided to absent class members. *Id.* at 756. Here, because the named Plaintiffs will file claims for the same substantial Settlement benefits being offered to the absent class members, there is no preferential treatment for the named Plaintiffs.

Mr. Kron next argues that the "Settlement creates an unfair and unreasonable claim threshold" of $300 before a Settlement Class Member is eligible for benefits. ECF No. 111 at PAGEID # 5660. Mr. Kron states that Settlement Class Members "should be permitted to obtain recovery" even if they

did not spend in excess of $300 to replace eight spark plugs (or $37.50 per plug). *Id.* The Court finds this objection lacks merit.

Every Class Vehicle's spark plugs must be changed at some point – it is a required maintenance item. Therefore, the issue in this case is not that Settlement Class members incurred any costs at all when having their spark plugs replaced, but rather whether they incurred "excessive costs," or as this Court described it, "more than they would have [paid] absent the defect." ECF No. 81 at PAGEID # 5265. Therefore, the Court finds that it was reasonable to set a claim threshold. *See, e.g., Wade v. Kroger Co.*, No. 3:01CV-699-R, 2008 WL 4999171, at *2 (W.D. Ky. Nov. 20, 2008) (finding $50 de minimis threshold in class settlement "not only fair and reasonable, but appropriate"); *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 463 (S.D.N.Y. 2004) (finding that "Lead Counsel acted reasonably in including a $10 de minimis threshold in the allocation plan" and that 16 other cases included "court-approved distribution plans involving de minimis thresholds of $10 or more").

As to the amount of that claim threshold, Plaintiffs provided evidence that reasonable consumers would expect to pay approximately $300 for replacing eight spark plugs. Mr. Kron does not provide any contrary evidence, and in fact does not even identify what he believes a fair and reasonable claim threshold would be. Additionally, Mr. Kron does not provide any evidence to prove that a Settlement Class Member who spent less than $300 to replace eight plugs has been damaged in any way.

Mr. Kron's suggestion that the Court should limit the scope of released claims to include only those with expenses over $300 [ECF No. 111 at PAGEID # 5661] fails for the same reason. As such, Mr. Kron's suggestion that Class Counsel identify the number of Settlement Class Members who do not meet the $300 threshold would be a waste of resources for no discernable benefit to the Settlement

Class.  *See* ECF No. 111 at PAGEID # 5661.

Mr. Kron's argument that there is no adequate representative for those Settlement Class Members who paid less than $300 for a spark plug change ignores the record in this case. *See* ECF No. 81 at PAGEID # 5264 (noting that four plaintiffs "paid $280 or less to replace eight plugs"). Therefore, this argument is without merit.

Similarly, the Court rejects as contrary to the record Mr. Kron's argument that Mr. Perko's interests are purportedly "directly opposed to the interest of the Class" (ECF No. 111 at PAGEID # 5661) because his personal vehicle is not covered by the Settlement.  While the Complaint indicates that Mr. Perko owns a Ford vehicle not covered by this Settlement, Mr. Perko explained during his deposition that he personally owned another Ford vehicle covered by the Settlement (ECF No. 42-27 at PAGEID # 2520, 2522).  Accordingly, there is evidence in the record that Mr. Perko is an appropriate Class Representative whose interests are aligned with those of the Settlement Class.

Mr. Kron's next objection is that the Settlement "precludes Class Members with less than 100,000 miles from obtaining relief."  ECF No. 111 at PAGEID # 5661-62.  This is simply untrue. The Settlement expressly permits Class Members with fewer than 100,000 miles on their Covered Vehicles to submit a valid claim for relief.  *See* ECF No. 101-1 at PAGEID # 5488 ("'Spark Plug Replacement' means replacement or attempted replacement of one or more spark plugs that occurred when the Class Vehicle had been driven no more than 120,000 miles …").  Mr. Kron's further assertion that Ford should provide an unlimited warranty on its vehicles by allowing a claims process that never ends borders on frivolous, and is rejected.

Mr. Kron further objects that the Settlement is unreasonable because it allegedly excludes "do-it-yourself" owners/lessors. ECF No. 111 at PAGEID # 5662.  Once again, Mr. Kron's objection is contrary to the record.  The Settlement Agreement states that Settlement benefits are determined

based upon the "Out-of-Pocket Expenses Incurred," and specifically defines "Out-of-Pocket Expenses" as "the documented and unreimbursed amounts paid to a third-party repair facility or parts supplier for the parts and labor required to obtain a Spark Plug Replacement." ECF No. 101-1 at PAGEID # 5485. The Notice states, "Class Members are entitled to partial reimbursement for the documented and unreimbursed amounts paid to a Ford-authorized dealer, third-party repair facility or parts supplier for the parts and labor required to obtain a Spark Plug Replacement." ECF No. 94-5. Therefore, the Settlement plainly provides that do-it-yourself owners/lessors are eligible for Settlement benefits just the same as those owners/lessors who had someone else do the work. Therefore, the Court declines to order a second round of notice as it is unnecessary and would prejudice actual Settlement Class Members by delaying settlement implementation.

Finally, Mr. Kron argues that "Class Counsel's fee request is unreasonable and unfair to the Class." ECF No. 111 at PAGEID # 5663. Mr. Kron's objection is not that Class Counsel's fee request is too large, or that the requested hourly rates are too high. Instead, Mr. Kron argues that the "Court should deny Class Counsel's fee request until the Settlement's deficiencies are corrected." *Id.* Because the Court has rejected Mr. Kron's arguments, the Court finds there are no "deficiencies" that justify withholding approval of Class Counsel's fee request.

22. The Court overrules the objection of Anthony (Tony) Vicari [ECF No. 112], who objects that the Settlement requires persons who waited more than 120,000 miles before having their spark plugs changed to demonstrate that they were instructed by a Ford dealership to wait to change the plugs. ECF No. 112 at PAGEID #5668. Mr. Vicari states that in his individual case, it was his independent mechanic, and not a Ford mechanic, that instructed him to wait. *Id.* He would like the Settlement to "be opened up to those parties that meet all the other stipulations of the agreement but were advised by a [non-Ford] mechanic to wait for the work to be performed."

*Id.*

"Whether a settlement is fair, reasonable and adequate must be evaluated by examining the settlement in its entirety and not as isolated components." *Enter. Energy Corp.,* 137 F.R.D. at 245-46 (citations omitted). "The court cannot modify the proposed settlement, but must approve or disapprove the proposed settlement as a whole in relations to all of those concerned." *In re Telectronics Pacing Sys., Inc.,* 137 F. Supp. 2d at 1026. *See Evans v. Jeff D.,* 475 U.S. 717, 727, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986); *In re Rio Hair Naturalizer Prod. Litig.,* 1996 WL 780512, at *11 ("The touchstone for final approval is the effect on the class 'as a whole' in light of the particular circumstances ....").

Mr. Vicari's objection to this one aspect of the Settlement does not demonstrate that the overall agreement is so deficient as to require this Court to deny approval. *See Bronson,* 604 F. Supp. at 78 ("The Court must respect the terms derived from the parties' negotiations as long as the agreement does not violate constitutional standards and is found adequate, reasonable, and fair.")

23.     The Court overrules the objection of Vivian Ethel Phillips [ECF No. 113]. Ms. Phillips' objection is that she wishes to be included in the Settlement despite her belief that she is not able to meet all the criteria to participate. ECF No. 113 at PAGEID # 5672. This is a very personal objection that does not provide any basis to disrupt the provision of settlement benefits to hundreds of thousands of class members. Moreover, if she submits a claim, Ford has agreed to consider it as a matter of goodwill. *See* ECF No. 116 at PAGEID # 5708.

Ms. Phillips states that the spark plugs on her 2005 F250 were replaced at 134,320 miles. *Id.* To recover benefits for a repair in excess of 120,000 miles, Ms. Phillips is required to submit a declaration that she was instructed to wait to replace the spark plugs by a Ford dealer.

See ECF No. 101-1 at PAGEID # 5488. However, Ms. Phillips' husband is the one who took the vehicle in for repairs, and he is deceased. ECF No. 113 at PAGEID # 5672. Therefore, Ms. Phillips believes she is unable to comply with the Settlement requirements, and requests that the Settlement provide "an alternate option" for proving that she was instructed to wait to have her spark plugs changed. *Id.* at PAGEID # 5673.

However, as noted, "[t]he court cannot modify the proposed settlement, but must approve or disapprove the proposed settlement as a whole in relations to all of those concerned." *In re Telectronics,* 137 F. Supp. 2d 985 at 1026. While modifying the Settlement as Ms. Phillips requests may make her claim easier to prove, the Court does not have the power to force the Parties to alter what it has found to be a fair, reasonable, and adequate Settlement to accommodate Ms. Phillips.

24.     The Court overrules the objection of John F. Ivory III [ECF No. 114], whose objection is based in part on a misunderstanding of the Settlement. He states that his "Ford F 250 has only 73,000 miles," and "[t]o be required to have the tune up performed by February 2016 would be a financial hardship ...." ECF No. 114 at PAGEID # 5678. In reality, Mr. Ivory has until February 2017 to have his spark plugs changed. While this may not be the full amount of time Mr. Ivory would like, it does provide him with an additional year to have the work performed.

Mr. Ivory next objects that as a part of the Settlement, "Ford Motor Company requires me to use an authorized dealer and pay their high rates for the tune up." *Id.* Mr. Ivory states that "I can purchase the plugs, and pay the labor for about 60 percent of the amount the dealer has quoted." *Id.* Of course, Mr. Ivory is not required to utilize a Ford dealership to have the spark plug replacement. If he truly believes that he can save money by electing to have an

independent mechanic perform the work, he is free to do so. However, if Mr. Ivory would prefer to protect against a higher than expected cost should some of the plugs break, he can go to the Ford dealer and remain eligible to obtain Settlement benefits. It is his choice.

Finally, Mr. Ivory argues that "Ford should stand behind their vehicle and fix this problem and hold the customer harmless." *Id.* While Mr. Ivory does not explain how Ford should "hold the customer harmless," Mr. Ivory appears to be requesting that Ford pay all costs involved with changing the spark plugs in a subject vehicle. However, as with the objections of Mr. Whayne and Mr. Goin, Mr. Ivory fails to account for the litigation risk involved with proceeding in this case. *See Bronson,* 604 F. Supp. at 82 ("a good settlement, fair to all sides, is infinitely preferable to the risk or the reality of a bad result at trial") Accordingly, Mr. Ivory's objection does not provide a valid basis to deny approval of the Settlement.

25. Having considered the relative contributions of the Named Plaintiffs to this litigation, the Court finally approves Contribution Payments to the Named Plaintiffs as follows: (a) Bill Anz ($5,000); (b) Chris Armstrong ($5,000); (c) Rodney Bender ($5,000); (d) Debra Black ($3,750); (e) Larry Black ($3,750); (f) Josh Brewer ($5,000); (g) Buckeye Management Group, LLC ($5,000); (h) Kelvin Clark ($5,000); (i) David Cooper ($5,000); (j) Stephen Davis ($5,000); (k) Gary Deyo ($5,000); (l) Buster Diggs ($5,000); (m) East Texas Poultry Supply ($5,000); (n) Richard Engleman ($5,000); (o) William Ernestburg ($5,000); (p) Rolland Garber ($5,000); (q) Elvis Gibbs ($5,000); (r) Donald Grubb ($5,000); (s) Duane Hough ($5,000); (t) Donald Ilgen ($5,000); (u) Michael Jacobsen ($5,000); (v) Frank Jares ($5,000); (w) Mark Jennings ($5,000); (x) Martina Jones ($3,000); (y) Terry Kimbrell ($2,000); (z) Kevin Kinch ($5,000); (aa) Bill Krnet ($5,000); (ab) Bela Kogler

($5,000); (ac) Charles Kolinek ($5,000); (ad) Wendy Lanzi ($2,000); (ae) Ryan Luke ($5,000); (af) Bryan Miller ($5,000); (ag) Roger Miller ($5,000); (ah) Tom Ogden ($5,000); (ai) Len Oniskey ($5,000); (aj) Michael Pate ($5,000); (ak) Daniel Perko ($5,000); (al) Eduardo Pezzi ($2,000); (am) Jason Phillips ($5,000); (an) Barbara Pignato ($5,000); (ao) Ray Plunkett ($3,000); (ap) Precast Services ($5,000); (aq) Kinzie Quanina ($3,000); (ar) Tim Sondgerath ($5,000); (as) Brian Spurgeon ($5,000); (at) Kevin Vincent ($5,000); (au) Robert Walker ($5,000); (av) Rodney Wall ($5,000); (aw) Alan Weisberg ($5,000); and (ax) Dennis White ($7,500).

26.      Having considered Class Counsel's request for the payment of attorneys' fees and expense reimbursement and all objections related thereto, and based upon all previous filings in this action the Court finds as follows:

(a)      Rule 23(h) of the Federal Rules of Civil Procedure authorizes a court to award "reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Ford has agreed to pay a combined fee and expense award of $5,250,000. Therefore, Class Counsel's fees are authorized by the parties' agreement. Negotiated and agreed-upon attorneys' fees as part of a class action settlement are encouraged as an "ideal" toward which parties should strive. *Bailey v. AK Steel Corp.,* No. 1:06-cv-468, 2008 U.S. Dist. LEXIS 18838, at *3 (S.D. Ohio, February 28, 2008).

(b)      The Court first determines, based upon its review of the evidence presented, that Class Counsel is entitled to $418,240.73 in their reasonable documented costs and expenses as these costs and expenses are typically billed by attorneys to paying clients in the marketplace and include normal costs incurred in connection with travel, experts, computerized research, court filing and services, deposition and court reporters, and document

storage, printing, copying, and shipping. *See New Eng. Health Care Emples. Pension Fund v. Fruit of the Loom, Inc.,* 234 F.R.D. 627, 635 (W.D. Ky. 2006) (approving reimbursement of these categories of expenses); *Zarwasch-Weiss v. SKF Economos USA, Inc.,* 838 F. Supp. 2d 654, 675 (N.D. Ohio 2012) (similar).

(c)     The Court next determines, based upon its review of the evidence presented, that Class Counsel is entitled to a reasonable fee, and will use the lodestar method of fee calculation to determine that reasonable fee. Because Class Counsel seeks a combined fee and expenses award of $5,250,000, and the Court has already awarded $418,240.73 in reasonable expenses, Class Counsel seeks a fee award of $4,831,759.27.

(d)     The first step in a lodestar fee calculation is to determine the number of hours reasonably expended on the litigation by Class Counsel. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway,* 46 F.3d 1392, 1401 (6th Cir. 1995). The Court has carefully reviewed the evidentiary submissions by Class Counsel regarding the number of hours reasonably expended on this litigation. *See City of Plantation Police Officers' Employees Ret. Sys. v. Jeffries,* No. 2:14-CV-1380, 2014 WL 7404000, at *13 (S.D. Ohio Dec. 30, 2014) (concluding that the number of hours expended on the litigation were reasonable based on a similar evidentiary submission). Based upon this evidentiary submission, and in conjunction with the Court's own observations and knowledge of the complexity of the case, the use of experts, the nature and quality of the filings, the time constraints, and the results ultimately achieved, the Court finds that the number of hours reasonably expended by the Plaintiffs' Executive Committee during the nearly six years that this litigation has been pending is 15,178.05.

(e)     The second step in a lodestar fee calculation is to determine the

appropriate hourly rates for the attorneys and staff who worked on the case. *See Bldg. Serv. Local 47,* 46 F.3d at 1401. The Court has carefully reviewed the evidentiary submissions by Class Counsel regarding the historic hourly rates of the attorneys and staff who worked on this case. Based upon these evidentiary submissions, the Court's independent knowledge of the complexity of the case, the inherent risk involved in this litigation, the nature and quality of the filings and professionalism of the counsel involved, and the results ultimately achieved, the Court finds the hourly rates are reasonable.[3]

(f)     The Court notes that Class Counsel's reasonable hourly rates multiplied by the hours reasonably expended yields a lodestar calculation of $7,740,497, an amount that is significantly greater than the $4,831,759.27 sought by Class Counsel.[4]

(g)     In light of the foregoing, the Court's consideration and evaluation of the factors set forth in *Adcock-Ladd v. Sec'y of Treasury,* 227 F.3d 343, 350 (6th Cir. 2000), and based upon the Court's review of all evidence in the record, combined with the Court's independent observations and knowledge of the complexity of the case, the use of experts, the nature and quality of the filings, the time constraints, and the results ultimately achieved, the Court awards $5,250,000 in Attorneys' Fees and Expenses to Class Counsel. Lead Counsel shall make all determinations regarding the allocation of fees and expenses among all class

---

[3] It was reasonable to employ counsel from outside this District to prosecute this case because of the national scope of the litigation (plaintiffs from 24 different states) and the highly-specialized and talented opposing counsel. *See Louisville Black Police Officers Org. v. City of Louisville,* 700 F.2d 268, 278 (6th Cir. 1983). As such, the Court elects to utilize the national hourly rates provided by Class Counsel to assess and approve Class Counsel's fee. *See Northcross v. Board of Education of Memphis City Schools,* 611 F.2d 624, 633 (6th Cir. 1979).

[4] *See, e.g., Lonardo v. Travelers Indem. Co.,* 706 F. Supp. 2d 766, 793-94 (N.D. Ohio 2010) (approving hourly rates up to $825 "based on this Court's knowledge of attorneys' fees in complex civil litigation and multi-district litigation"); *Amos,* 2015 WL 4881459, at *11 (noting that a factor in favor of finding the fee application reasonable was that the attorneys sought 25% less than their full lodestar).

counsel.

27.     The Court hereby retains jurisdiction over the implementation, administration, interpretation, and enforcement of this Settlement.


SO ORDERED.


DATED: <u>January 26, 2016</u>          <u>    /s/  Benita Y. Pearson                                      </u>
                                        THE HONORABLE BENITA Y. PEARSON
                                        UNITED STATES DISTRICT JUDGE

# EXHIBIT A

Second Supplemental Declaration of Linda Webster--Exhibit A
Amended List of Names and Addresses of Class Members Who Submitted Valid Requests For Exclusion From Settlement

| Name | Address | Address 2 | City | State | Zip |
|------|---------|-----------|------|-------|-----|
| ACADEMY WOODS APTS | 95 CEDAR LN APT 2B | APT 2B | FLORENCE | NJ | 08518-2902 |
| ADVANCED PAINTING | 4857 W 147TH ST | STE F | HAWTHORNE | CA | 90250-6735 |
| ALAN J SANBORN | N3940 CHRISTENSEN RD | | MORAN | MI | 49760 |
| ALBERTO CAMARGO ESQUIVEL | 25765 CUMMINGS VALLEY RD | | TEHACHAPI | CA | 93561-7622 |
| ALLAN J RUTH | 14508 HUNTINGTON DR | | PLYMOUTH | MI | 48170-2650 |
| ANDRES G RUIZ | 6760 W VALENCIA RD | | TUCSON | AZ | 85757-9582 |
| ANN S CAVENDER | PO BOX 75280 | 9629 WEST SIX MILE ROAD | SALEM | MI | 48175-0280 |
| ANNETTE C VEDDER | 5675 SHIRLEY ANN DR | | HARRISON | MI | 48625-9699 |
| ANNMARIE BONNER | 12 OLD RED MILL RD | | RENSSELAER | NY | 12144-9626 |
| ANTHONY WHITE | 2792 E BRESSINGHAM WAY | | BLOOMINGTON | IN | 47401-4169 |
| ARCCO OF ST LUCIE | PO BOX 12909 | | FORT PIERCE | FL | 34979 |
| ARIEL A ERBELDING | 290 E MAIN ST | | VICTOR | NY | 14564-1309 |
| ARNOLD A WIRTH | 17921 510TH AVE | | AMES | IA | 50014-9479 |
| ARTHUR C WOOD | 12201 MERIT DR #1000 | | DALLAS | TX | 75251 |
| ARTHUR R JONES | 5128 S 300TH PL | | AUBURN | WA | 98001-2336 |
| AUSTIN WILSON | 125 HILDA DR | | VICKSBURG | MS | 39180 |
| BANK FARMS INC | 12063 WAUKON RD N | | EDWALL | WA | 99008-9590 |
| BARNART CRANE & RIGGING CO | 2579 STEVENS DR | | RICHLAND | WA | 99354 |
| BARRY J MASHUDA | N7098 COUNTY ROAD Y | | PRINCETON | WI | 54968-8842 |
| BEATRICE V STAHN | 22299 GATEWAY DR | | OSAKIS | MN | 56360-4808 |
| BEN H FALLIN | 6481 MESEDGE LN | | COLORADO SPGS | CO | 80919-1889 |
| BETSY A THOMAS | 41 W SANDY POINT RD | | POQUOSON | VA | 23662-1315 |
| BETTE V MAJEWSKI TTE OF | 2943 US HIGHWAY 380 | | BINGHAM | NM | 87832 |
| BETTY W SMITH | 1372 WILLIAMS RD | | SILVERSTREET | SC | 29145-9350 |
| BILL G RAMIREZ | 1329 W KIOWA AVE | | HOBBS | NM | 88240 |
| BILLY E SEWELL | 8038 HODGESVILLE RD | | DOTHAN | AL | 36301 |
| BLAKESLEE LYNETTE TTEE | 5209 TELSTAR LN | | GREAT BEND | KS | 67530 |
| BONNIE J GILES | 5004 ROSEWATER LN | | INDIAN TRAIL | NC | 28079 |
| BRADLEY EASTERDAY | 750 S TOWNSHIP ROAD 197 | | ATTICA | OH | 44807-9736 |
| BRADLY LEFEVER | 984 S SOMMERSET TRL | | COLUMBIA CITY | IN | 46725 |
| BRADLY R KRAUTBAUER | 12450 AFTON AVE NE | | MONTICELLO | MN | 55362-3269 |
| BRANDON J HAYDEN | 81255 N GOLDA RD | | HERMISTON | OR | 97838-7316 |

Second Supplemental Declaration of Linda Webster--Exhibit A
Amended List of Names and Addresses of Class Members Who Submitted Valid Requests For Exclusion From Settlement

| Name | Address | Address 2 | City | State | Zip |
|------|---------|-----------|------|-------|-----|
| BRANDON VITERNA | 308 N 4TH ST | | PLAINVIEW | NE | 68769-4012 |
| BRENDA L WROTEN | 8470 BUSSENIUS RD | | PASADENA | MD | 21122-4608 |
| BRENTON M RIPLEY | 676 N 1200 E | | MAPLETON | UT | 84664-5622 |
| BRETT M BRONSON | 610 ROSEBUD LN | | NEPTUNE BEACH | FL | 32266 |
| BRIAN L HUSS | 13989 S DIXIE HWY | | MONROE | MI | 48161-9300 |
| BRUCE A ZEMANOVIC | S72W16460 JANESVILLE RD | APT H | MUSKEGO | WI | 53150 |
| BRUCE G KIDDER | 62 WILD WOOD LN | | ELLOREE | SC | 29047 |
| BRUCE J MCCOY | PO BOX 2306 | | COLORADO CITY | AZ | 86021-2306 |
| BRYAN HENSEL | 13897 COUNTY HIGHWAY 29 | APT 302 | FRAZEE | MN | 56544 |
| CALVIN H FELIX | 1211 COCHRAN MILL RD | | CLAIRTON | PA | 15025 |
| CALVIN ROPER JR | 1668 FORESTER DR | | CINCINNATI | OH | 45240-1032 |
| CARDINAL BOARD OF EDUCATION | 15982 E HIGH ST BOX 188 | | MIDDLEFIELD | OH | 44062-9474 |
| CARL A PIECKI | 312 BOLLIS RD | | WEST SENECA | NY | 14224 |
| CARL J WANNEMACHER JR | 46597 BENNY LN | | PERHAM | MN | 56573 |
| CAROL A PRICE | 185 JOHN COURSEY RD | | ELLABELL | GA | 31308-4507 |
| CAROLINE L PAWELEK | 38964 FM 490 | | EDINBURG | TX | 78541-7416 |
| CAROLYN HEBEL | 3919 CAMBRIDGE CT | | CULLEOKA | TN | 38451 |
| CAROLYN J VANSLAMBROUCK | 5531 KENTON BLF | | SAN ANTONIO | TX | 78240-1578 |
| CARROLL BORDEN | 126 COUNTY ROAD 246 | | IUKA | MS | 38852-6918 |
| CATHY L DEAN | 946 OLD TOOMSBORO RD | | DUBLIN | GA | 31021 |
| CHAD M STUDDERT | 36781 PELO RD | | CLAYTON | NY | 13624-3295 |
| CHARLES A STEERMAN | 30485 JO ANN ST | | WALKER | LA | 70785-6811 |
| CHARLES D EVERTS | 2011 S 4TH ST | | LAMESA | TX | 79331-5835 |
| CHARLES D NIGHTENGALE | 12261 N BEAVER RD | | SCOTT CITY | KS | 67871-6063 |
| CHARLES F STOCKING | 1690 CHAMBERLAIN RD | | NEWARK VALLEY | NY | 13811-2834 |
| CHARLES R QUEEN | 904 CEDAR CREST CT | APT D | EDGEWOOD | MD | 21040-1708 |
| CHARLES W JOHNSON JR | 1112 BOYDS CREEK HWY | | SEYMOUR | TN | 37865-4533 |
| CHARLIE BOLLING JR | 626 N ESHMAN AVE | | WEST POINT | MS | 39773-2268 |
| CHARLIE F ATTAWAY | 1175 LAKE STONE LEA DR | | OXFORD | GA | 30054-3630 |
| CHESTER E BORDERS | 5821 S OAKLANDS DR | | TUCSON | AZ | 85746 |
| CHRISTOPHER R KLIR | 2388 MULBERRY ST | | BOURBONNAIS | IL | 60914-2777 |
| CITATION OIL & GAS | 14077 CUTTEN RD | | HOUSTON | TX | 77069-2212 |
| CITY OF HUNTINGTON | 300 CHERRY ST | | HUNTINGTON | IN | 46750 |

Second Supplemental Declaration of Linda Webster--Exhibit A

Amended List of Names and Addresses of Class Members Who Submitted Valid Requests For Exclusion From Settlement

| Name | Address | Address 2 | City | State | Zip |
|------|---------|-----------|------|-------|-----|
| CITY OF MOLINE | 619 16TH STREET | | MOLINE | IL | 61265-1611 |
| CITY OF UNALASKA | 43 RAVEN WAY | PO BOX 610 | UNALASKA | AK | 99685 |
| CLARA T GROSS | 4790 H D ATHA RD | | COVINGTON | GA | 30014 |
| CLARENCE B MITZELFELT | 612 COON CREEK RD | | METAMORA | IL | 61548-9328 |
| CLARENCE J OLIVA JR | 2016 DUBOIN RD | | NEW IBERIA | LA | 70560-0476 |
| CLAUDE J STAYLOR | 409 RED SAIL WAY | | SATELLITE BCH | FL | 32937-3719 |
| CLIFFORD D MARTIN | 305 W POPLAR ST | | BLOOMFIELD | IA | 52537-1325 |
| CONNIE D CROPSEY | 940 WATERFORD | | CASPER | WY | 82609-3232 |
| CYNTHIA PETERSON | 2210 VIRGINIA LN | | HASLET | TX | 76052 |
| DALE B MEINERS | 308 N CRAWFORD ST | | CARROLL | IA | 51401-2234 |
| DALE E STEADHAM | 3012 HIGHWAY 4A | | CENTURY | FL | 32535-3337 |
| DANIEL C ADAMS | 4900 FRAGRANT CLOUD LN | | KNOXVILLE | TN | 37918-8143 |
| DANIEL CORCORAN | 873 DARTMOOR DR | | CRYSTAL LAKE | IL | 60014-8836 |
| DANIEL J PAUKERT | 470 ROGERS ST | | ROBINS | IA | 52328 |
| DANIEL J SKALA | 4625 COUNTY ROAD QQ | | ORLAND | CA | 95963-9683 |
| DANIEL J TIPTON | 6520 VILLAGE DR | | CASPER | WY | 82604-3609 |
| DANIEL TARDIVO | 1092 HOMEWOOD DR | | LAKEWOOD | OH | 44107-1450 |
| DARREL CHILDERS | 13458 KY 6 | | CORBIN | KY | 40701-7558 |
| DARRYL P SCHERER | 304 SAINT FRANCIS ST | | BAY ST LOUIS | MS | 39520 |
| DAVID CARTWRIGHT | 921 N MAIN ST | | EUREKA | KS | 67045-1153 |
| DAVID H KRAUTSCHEID | 7180 NW KAISER RD | | PORTLAND | OR | 97229-1517 |
| DAVID R STOCKWELL | 10331 HALTON TER | | LANHAM | MD | 20706-2369 |
| DAVID V CORADI | 918 WASHINGTON AVE | | MONACA | PA | 15061-2036 |
| DAVID W DEAN | 946 OLD TOOMSBORO RD | | DUBLIN | GA | 31021 |
| DAVIS BOND | PO BOX 92 | | HICKORY | MS | 39332-0092 |
| DE J ZAVALA ANTONIO | 1721 W ORANGE GROVE AVE | | POMONA | CA | 91768-2030 |
| DEAN R MILLER | 203 LARK ST | | AMARILLO | TX | 79124 |
| DEBBIE M STICKNEY | 16 PORTABELLO RD | | CHELSEA | ME | 04330-1016 |
| DELBERT E JARVIS | PO BOX 34 | | TIOGA | WV | 26691-0034 |
| DELIA SHOULTS | 57241 VALLEY VIEW RD | | RUSSELLVILLE | MO | 65074-3063 |
| DELWIN L LARUE | 120 N WATER ST | | STOCKTON | KS | 67669-1710 |
| DENNING LIVING TRUST | 10755 READING RD | | READING | MI | 49274-9317 |
| DENNIS A STEWART | 3237 MAIN ST | | CONESTOGA | PA | 17516 |

Second Supplemental Declaration of Linda Webster--Exhibit A
Amended List of Names and Addresses of Class Members Who Submitted Valid Requests For Exclusion From Settlement

| Name | Address | Address 2 | City | State | Zip |
|---|---|---|---|---|---|
| DENNIS C DURST | 5317 CLEAR LAKE RD | | NORTH BRANCH | MI | 48461-8944 |
| DIANE L FLAGG | 37 ABEL RD | | RINDGE | NH | 03461-5402 |
| DICK HILL & SON HTG AC INC | 693 INDIANA AVE | | RICHMOND | IN | 47374 |
| DON INMAN OR NEOMA INMAN | 20612 S 4120 RD | | CLAREMORE | OK | 74019 |
| DONA M TOENJES | 9351 COACH STOP RD | | COLUMBIA | IL | 62236-3431 |
| DONALD D PARK | 315 S 4TH ST | | ONEILL | NE | 68763-1839 |
| DONALD G LAYSON | 4648 NORTHTOWNE BLVD | APT D | COLUMBUS | OH | 43229-5750 |
| DONALD O WAITE | 3454 E HOOPPOLE RIDGE RD NE | | MCCONNELSVLE | OH | 43756 |
| DONALD R COOK | 17 JONES PL | | JACKSONVILLE | IL | 62650 |
| DONALD R KUBESH | 350 E POST ST | PO BOX 315 | LONE PINE | CA | 93545-0315 |
| DONALD W LENSCH | 5612 27TH AVENUE DR | | VINTON | IA | 52349-9347 |
| DOROTHY & WESLEE JOHNSON | 135 SPRING DR | | DILLSBURG | PA | 17019-9730 |
| DOROTHY J POWELL | 10352 ACORN AVE | | ELDON | IA | 52554-8164 |
| DOUGLAS A JONES | PO BOX 462 | | NESS CITY | KS | 67560-1644 |
| DOUGLAS SADLER | 45234 174TH ST | | WATERTOWN | SD | 57201-7658 |
| DOUGLAS SKJORDAL | 221 2ND ST NE BOX 394 | | KENMARE | ND | 58746-0394 |
| DOYLE W TUCKER | PO BOX 1312 | | CONWAY | AR | 72033-1312 |
| DUNN ENGRS INC | 400 S RUFFNER RD | | CHARLESTON | WV | 25314-1542 |
| DUSTIN J COLLINS | 1017 CRYSTALWATER DR | | FUQUAY VARINA | NC | 27526-5228 |
| EARL E BRADFORD | 898 VILLAGE RD | | SMITHFIELD | ME | 04978-3111 |
| EARL W KEISTER SR | 6669 CONVENT BLVD | | SYLVANIA | OH | 43560-2851 |
| EDWARD A MAZZEI | 281 LASSEN DR | | SAN BRUNO | CA | 94066 |
| EDWARD E FOUGHT | 3549 COUNTY ROAD 170 | | FREMONT | OH | 43420 |
| EDWARD J MARKUS | 1575 E STELLON ST | | DIAMOND | IL | 60416-6029 |
| EDWARD L GOINGS | 1909 PRAIRIE TRAIL CT | | PLAINFIELD | IL | 60586-8666 |
| EDWARD LIST | 724 SUNFLOWER DR | | CHESANING | MI | 48616 |
| ELAINE M KLUGESHERZ | 641 SHADOW LN | | SAINT CLAIR | MO | 63077 |
| ELIZABETH EASTERDAY | 750 S TOWNSHIP ROAD 197 | | ATTICA | OH | 44807-9736 |
| ELLIOTT S BARRAT | 33255 BAINBRIDGE RD | | SOLON | OH | 44139 |
| ELLIS E SOLLENBERGER | PO BOX 64 | | CURRYVILLE | PA | 16631 |
| ELZA F SCHROEDER JR | 1128 W SEARS ST | | DENISON | TX | 75020-3326 |
| EMILY M STOLLER | 2126 168TH RD | | SABETHA | KS | 66534 |
| ERIC W MCKILLIP | 3904 MISSION RD NE | | SAINT PAUL | OR | 97137-1600 |

Second Supplemental Declaration of Linda Webster--Exhibit A
Amended List of Names and Addresses of Class Members Who Submitted Valid Requests For Exclusion From Settlement

| Name | Address | Address 2 | City | State | Zip |
|------|---------|-----------|------|-------|-----|
| ERROL M RIDDLE | 318 S MAPLE HILL RD | | KELSO | WA | 98626-9474 |
| EUGENE C ANDERSON | 2532 50TH AVE | | VIOLA | IL | 61486-9569 |
| EVELYN M SCHULTZ | 7100 DRUMHELLER RD | | BATH | MI | 48808-9715 |
| EXECUTOR OF ESTATE OF REX EARL WIDAU | 10689 DARNEAL DRIVE | | FOUNTAIN | CO | 80817 |
| FE6421 | 240 KNAPP BLVD | | NASHVILLE | TN | 37217-2556 |
| FELIPE BEROZA JR | 414 RUTLEDGE ST | | COLLIERVILLE | TN | 38017-2423 |
| FERMIN TREVINO | 4597 GANZER RD W | | KRUM | TX | 76249-6002 |
| FRANK CORDELL | 1751 MANHATTAN DR | | E WENATCHEE | WA | 98802-8417 |
| FRANK J GRIMM | 949 CHADRON AVE | | CHADRON | NE | 69337-2600 |
| FRANK R DABBS | 8051 EASTABOGA RD | | EASTABOGA | AL | 36260-5722 |
| FRED W HUBLER | 618 GRANDVIEW AVE | | CAMP HILL | PA | 17011-1816 |
| FREDERICK L NICOL JR | 14703 KELLYWOOD LN | | HOUSTON | TX | 77079-6416 |
| FREDRICK CERISANO | 664 WARM SPRINGS RD | | WINCHESTER | VA | 22603-2721 |
| GAIL A LEONARD | 521 CAYUGA ST | | FULTON | NY | 13069 |
| GARLAND L BOSTON | 8729 LANTERN LITE PKWY | | LOUISVILLE | KY | 40220-2962 |
| GARY L LAFFERTY | 738 HURFFVILLE CROSSKEYS RD | | SEWELL | NJ | 08080-3319 |
| GEORGE E TAYLOR | 30727 OLD RIVER RD | | DENHAM SPGS | LA | 70726 |
| GEORGE G WREN | 1205 TORRINGTON RD | | HOLLY HILL | SC | 29059-8791 |
| GEORGE H SPANGENBERG | 424 WALNUT ST | | LUZERNE | PA | 18709 |
| GEORGE T LEE | PO BOX 262 | | POWHATAN | VA | 23139-0262 |
| GERALD F FOOTE | 409 PARK AVE | # 708 | CLOQUET | MN | 55720-1452 |
| GERALDINE S PATTYDRIVER | 8540 MISTY VALLEY WAY | | ANTELOPE | CA | 95843-3740 |
| GINA SNODGRASS | 3805 S 875 E | | ZIONSVILLE | IN | 46077-8789 |
| GLENN A ANDERSEN JR | 845 N FLAT ST | | PENN YAN | NY | 14527-9143 |
| GLENN D HARRIS | 895 LINWOOD SUGG RD | | SNOW HILL | NC | 28580 |
| GLENN L DOBSON | 4779 SE 115TH ST | | BELLEVIEW | FL | 34420-3824 |
| GLORIA A LEWIS | 1625 W WASHINGTON ST | | KENNETT | MO | 63857-1555 |
| GORDON V TAROZZI | 40 BRETWOOD LN | | CENTERVILLE | MA | 02632-3106 |
| GREENFIELD CONTRACTORS LLC | 13500 TOWNSHIP ROAD 1050 N | | BRADFORD | IL | 61421-7610 |
| HAROLD B ORMOND JR | 157 CROATAN AVE | PO BOX 117 | BATH | NC | 27808 |
| HAROLD C WADLEY | 5014 OLD LOHMAN RD | | JEFFERSON CTY | MO | 65109-0323 |
| HEATH INC | 422 DELLWOOD ST | | BRYAN | TX | 77801 |

Second Supplemental Declaration of Linda Webster--Exhibit A

Amended List of Names and Addresses of Class Members Who Submitted Valid Requests For Exclusion From Settlement

| Name | Address | Address 2 | City | State | Zip |
|---|---|---|---|---|---|
| HELMER O HOMME | PO BOX 66 | # 66 | WINGER | MN | 56592-9474 |
| HENDERSON JAMES L AND | | | | | |
| HENDERSON KAREN D | 31412 STATE HIGHWAY 8 | | CHEROKEE | OK | 73728-5805 |
| HENRY A GREGORY | 520 COUNTY ROAD 109 | | NORFORK | AR | 72658 |
| HOWARD & ASSOCS INTL INC | 1416 HUGH WALLIS RD S | | LAFAYETTE | LA | 70508-2522 |
| HSIU H ROJAS | 10781 SPRUCE BOUGH ST | | LAS VEGAS | NV | 89183-4654 |
| INDUSTRIAL WASTE MGMT CONSULTI | 7428 ROCKVILLE RD | | INDIANAPOLIS | IN | 46214 |
| JACK BROWN | 100 S SOUTH ST | | BROOKSTON | IN | 47923-8077 |
| JACK WILKE | 6275B HIGHWAY 291 | | NINE MILE FLS | WA | 99026-9567 |
| JACOB J KLIMEK | 1090 RIDGE AVE | | MANAHAWKIN | NJ | 08050-5609 |
| JAMES A SPOTTS | 2545 EAGLE AVE | | BATTLE CREEK | IA | 51006 |
| JAMES D FORREST | 424 MOUNT PLEASANT RD | | KINGSTON SPGS | TN | 37082-9080 |
| JAMES E DOBSON | 243 JENNISON PLACE | | BAY CITY | MI | 48706 |
| JAMES E FERGUSON | 18 TURTLE LN | | DAVISVILLE | WV | 26142 |
| JAMES E LEISING | 8784 CHESTNUT RIDGE RD | | GASPORT | NY | 14067-9346 |
| JAMES E TERNULLO | 12 FILLMORE DR | | BILLERICA | MA | 01821-2107 |
| JAMES E YATES SR | 1728 WATER WELL RD | | LUFKIN | TX | 75901-2259 |
| JAMES HENDERSON | 7008 BECKER RD | | SAINT LOUIS | MO | 63129-5353 |
| JAMES L BAILEY | 2441 STATE ROUTE 21 | | PALMYRA | NY | 14522 |
| JAMES LITTLEJOHN | 65 E LOCH LOMOND PL | | TUCSON | AZ | 85737 |
| JAMES P HAPPL JR | 5025 COVEVIEW DR | | SAINT CLOUD | FL | 34771-7966 |
| JAMES P HUMMEL JR | 6772 MILLFIELD RD NW | | CANAL FULTON | OH | 44614-9778 |
| JAMES V COX | 5585 LIV 418 | | LUDLOW | MO | 64656-8140 |
| JAMIE RICHARD E HAVEMEIER | 206 4TH ST | | NICOLLET | MN | 56074-2085 |
| JANETTE L OSMENT | 1279 PHINISEE RD | | GREENVILLE | MS | 38701 |
| JANUARY L LAWLESS | 756 PITTSFIELD ST | | PITTSFIELD | IL | 62363-3030 |
| JAVAN R STOLLER | 14043 EBY RD | | CRESTON | OH | 44217-9663 |
| JEFFREY HAYES | 475 W BRENTWOOD ST | | HIGHLAND PARK | MI | 48203-1933 |
| JEFFREY HAYNES | 1914 5TH AVE SW | # 3 | PUYALLUP | WA | 98371 |
| JEFFREY L CRAWMER | 3045 ALI CT | | HUNTINGTOWN | MD | 20639-4107 |
| JEFFREY L SMITH | 1028 LISA RUN DR | | KERNERSVILLE | NC | 27284-2384 |
| JEFFREY M HEITZ | 306 S OAK ST | | ANAMOSA | IA | 52205-1556 |
| JEROME F HAUSBECK | 4705 LOCUST RD | | SAGINAW | MI | 48604-9563 |

6

**Second Supplemental Declaration of Linda Webster--Exhibit A**
Amended List of Names and Addresses of Class Members Who Submitted Valid Requests For Exclusion From Settlement

| Name | Address | Address 2 | City | State | Zip |
|---|---|---|---|---|---|
| JEROME J WALDERA | N31136 CHURCH HILL RD | | ARCADIA | WI | 54612-8297 |
| JERRY GRIGGS | 401 N ARKANSAS ST | | PLAIN DEALING | LA | 71064-3458 |
| JERRY L AUBERT | 2220 SW MILLERS GLEN DR | | TOPEKA | KS | 66614 |
| JERRY L DICKEY | 1533 E SNIDER ST | | SPRINGFIELD | MO | 65803 |
| JERRY M BARTON | 32 COUNTY ROAD 328 | | STONEWALL | MS | 39363-9357 |
| JERRY W KELLER | 1110 N STATE ST | | BROOKFIELD | MO | 64628 |
| JIMMIE L MARTIN | RR 2 BOX 2629 | | BIRCH TREE | MO | 65438-9243 |
| JIMMY J CROSS | PO BOX 672 | | LOVELY | KY | 41231-0672 |
| JIMMY WISE AND/OR ELLEN WISE | 5890 LAKE DR | | MOUNDS | OK | 74047-5195 |
| JOHN A BYRNES JR | 87 BAKER AVE | | WHARTON | NJ | 07885-2110 |
| JOHN A GETTY | 1944 ACACIA AVE | | RIFLE | CO | 81650-3813 |
| JOHN C COBB | 317 E LAS GRANADAS | | GREEN VALLEY | AZ | 85614-2247 |
| JOHN D CATLETT | 281 GREEN MEADOW TRL | | HOLLY LAKE RANCH | TX | 75765-7471 |
| JOHN D WATSON | 1001 DOGWOOD DR | | RAYMORE | MO | 64083-9492 |
| JOHN F WALDRON | 350 EDGEMONT RD | | PORT HENRY | NY | 12974 |
| JOHN G GRAEF | 102 FIELD PL | | MILFORD | PA | 18337-9320 |
| JOHN H ANDERSON | 3 DENTON ST | BOX 101 | LAKE PLEASANT | MA | 01347-9810 |
| JOHN H APPEL | 22105 OAK LN | | FLINT | TX | 75762 |
| JOHN J QUATTO | 527 RICHTER HL | | COLLINSVILLE | IL | 62234-4247 |
| JOHN L GRAHAM | 2510 PARKRIDGE DR | | CORINTH | TX | 76210 |
| JOHN R FINLEY | 46677 HIGHWAY K | | NORBORNE | MO | 64668 |
| JOHN TAYLOR | 8401 SLATE RD | | EVANSVILLE | IN | 47720-7897 |
| JOHN VALES | 1767 COUNTY ROAD T | | SWANTON | NE | 68445-2607 |
| JOHN W GILES | 220 BRUCE DR | | WASHOE VALLEY | NV | 89704 |
| JOHN W SMITH AND/OR | 3496 N 367 RD | | HOLDENVILLE | OK | 74848 |
| JONATHAN C DEEB | 447 TIMBERCREEK ESTATES DR | | SHARPSBURG | GA | 30277-3596 |
| JONATHAN D BAUMAN | 1760 FIR RD | | PASCO | WA | 99301-8629 |
| JONATHAN M PFEIFFER | 470 BIRCH AVE | | EATON | CO | 80615-3577 |
| JOSE M SAN PEDRO | 1529 LAREDO ST | | SAN BENITO | TX | 78586-2627 |
| JOSEPH C BRINE SR | 426 N SAINT CLAIR ST | | GIRARD | OH | 44420 |
| JOSEPH D RITENOUR | 5210 BERKEY SOUTHERN RD | | WHITEHOUSE | OH | 43571-9217 |
| JOSEPH G AYCOCK JR | 401 DIXIE DR | | SELMA | NC | 27576 |
| JOSEPH G KOEPKE | 5151 MAPLE DR | | GILBERT | MN | 55741-8357 |

Second Supplemental Declaration of Linda Webster--Exhibit A
Amended List of Names and Addresses of Class Members Who Submitted Valid Requests For Exclusion From Settlement

| Name | Address | Address 2 | City | State | Zip |
|------|---------|-----------|------|-------|-----|
| JOSEPH P EHLERS | 1719 PICCADILLY PL | | DAVENPORT | IA | 52807-1121 |
| JOY L COY | 255 CORNWALL AVE | | GRASS VALLEY | CA | 95945-7116 |
| JOYCE B AUSTIN | 200 CIRCLE DR | | QUINCY | FL | 32351-4608 |
| JUDY A ZIMMERMAN | 2465 E 2450TH RD | | MARSEILLES | IL | 61341-9750 |
| JULIA A PEPPMEIER | 305 NE 2ND ST | PO BOX 34 | DECATUR | IA | 50067-7722 |
| JUSTIN L MORGAN | 3840 HIGHWAY 38 | | RUSSELLVILLE | AL | 35654-9704 |
| KAM SERVICE INC | 11207 STATE ROAD 33 | | GROVELAND | FL | 34736-9169 |
| KAREN SNYDER | 171 CADDY RD | | ROTONDA WEST | FL | 33947 |
| KATIE E LEADY | 15328 W STATE ROUTE 163 | | GRAYTOWN | OH | 43432 |
| KEITH JENKINS | 24753 HARMONICA ST | | BEVIER | MO | 63532-2318 |
| KENNETH O ROYSTON | 8406 GREEN MOSS CT SE | | OWENS X RDS | AL | 35763-9773 |
| KEVIN J GIERSZEWSKI | 7725 JACKPOT AVE | | SPARTA | WI | 54656-3647 |
| KEVIN L HUNT | 7161 W 5100 S | | HOOPER | UT | 84315-9750 |
| KEVIN M FRENCH | 1644 LYNDON RD | | FRANKLINVILLE | NY | 14737 |
| KEVIN T MARTIN | 336 SANTA ANNA ST | | PORT ST JOE | FL | 32456 |
| KIMBERLY A MILLER | 514 ELM ST | | WATERVILLE | OH | 43566-1354 |
| KOLLERS AUTO REPAIRS | 2290 WASSERGASS RD | | HELLERTOWN | PA | 18055-1241 |
| KYLE M OLLANKETO | 47543 SECOND ST | | HOUGHTON | MI | 49931 |
| KYLE V CONTINI | 4840 CREEK ROAD | | VERNON | FL | 32462-3116 |
| LA VERNE H SCHOLL | 5254 RIDGE OAK DR | | MADISON | WI | 53704-8570 |
| LAFE D HARTLEY | 104 S 1ST ST | | WATHENA | KS | 66090-1244 |
| LAIRD S RAYBUCK | 5139 ROUTE 36 | | SIGEL | PA | 15860-3141 |
| LANDON MILLER | 12981 COUNTY ROAD 20 | | MIDDLEBURY | IN | 46540-9708 |
| LANNY E SEATON | 1309 TIGER EYE CIR | | HORSESHOE BND | AR | 72512 |
| LARRY G DAMAK | N784 KOCH RD | | SHARON | WI | 53585 |
| LARRY GRAF | 1531 SHARLOH LOOP | APT 5 | BISMARCK | ND | 58501-7700 |
| LARRY HARTLEY | 209 GREENWAY DR | | FLEMINGSBURG | KY | 41041-1215 |
| LAWRENCE E PETERSEN | 3821 SUMMERVIEW DR | | SAINT CHARLES | MO | 63304-2660 |
| LAWRENCE P KILZER | 216 MAIN ST | APT 6 | BUTLER | NJ | 07405-1045 |
| LEONA M WIENHAUS | 29840 COTTONWOOD AVE | | SALISBURY | MO | 65281-2585 |
| LEROY MCCOY | 309 RIDGE RD | | CHERAW | SC | 29520-6314 |
| LEWIS E RUDISILL | 209 TOMBERLIN RD | | MOUNT HOLLY | NC | 28120-2034 |
| LEWIS L LAKE | 8840 NASHVILLE AVE | | OAK LAWN | IL | 60453 |

Second Supplemental Declaration of Linda Webster--Exhibit A
Amended List of Names and Addresses of Class Members Who Submitted Valid Requests For Exclusion From Settlement

| Name | Address | Address 2 | City | State | Zip |
|------|---------|-----------|------|-------|-----|
| LEWIS M COY | 5820 MURRAY DR | APT F47 | HANAHAN | SC | 29410-2863 |
| LISA M LEWIS | 534 SIMMONS DAIRY RD | | CORDELE | GA | 31015-9023 |
| LITTLE RIVER WOOD CO INC | 10912 NEWBERRY RD | | WINNSBORO | SC | 29180-7753 |
| LOIS D DUNCAN | 1053 OLD 179 N | | WHIGHAM | GA | 39897 |
| LORETTA KENZEL | 2198 US ROUTE 9 | | KINDERHOOK | NY | 12106 |
| LORI C PILUS | 71 PINE TREE TER | | S BURLINGTON | VT | 05403 |
| LOURDES A HERNANDEZ | 16501 SW 47TH ST | | MIAMI | FL | 33185-5276 |
| LUCILLE WALKER | HC 1 BOX 592 | | ZALMA | MO | 63787-9713 |
| MAHALA C ANDERSON | 413 RUSSELL ST | | WRENS | GA | 30833-1053 |
| MALCOLM P NASH | 305 W PARRIS AVE | | HIGH POINT | NC | 27262 |
| MARCO A MATA | 409 SUNSET AVE | | ALAMOGORDO | NM | 88310-4146 |
| MARCUS G MEYER | 5325 COUNTY ROAD 166 | | ALVIN | TX | 77511 |
| MARICEL DUCASSI | 14546 SW 94TH LN | | MIAMI | FL | 33186 |
| MARILYN L MILLER | 417 W MILLER ST | | APPLETON CITY | MO | 64724-1523 |
| MARK CAMPAGNOLI | 24950 WARD ST | | DEARBORN | MI | 48124 |
| MARK D CONTRATTO | 406 SANS SOUCI DR | | AURORA | IL | 60506-5244 |
| MARK E BRADDY | 107 PRICE LN | | PINETOWN | NC | 27865 |
| MARK H GOLINICK | 4641 COUNTY ROAD MM | | ORLAND | CA | 95963 |
| MARK HERZOG | 28683 CANYON OAK DR | | HIGHLAND | CA | 92346-5346 |
| MARVIN E JOHNSON | 303 FLEETWOOD DR | | PAPILLION | NE | 68133 |
| MARY G LEINS | 217 LIVE OAK LN | | LARGO | FL | 33770-4074 |
| MATTHEW B PRICE | 185 JOHN COURSEY RD | | ELLABELL | GA | 31308-4507 |
| MAURICE A CASHMAN | 1266 KELSO RD | | COUNCIL GROVE | KS | 66846-8544 |
| MAYES COUNTY SHERIFFS DEPT | 1 COURT PL | STE 150 | PRYOR | OK | 74361-2468 |
| MCFADDEN RANCH | 23652 VIA HALCON | | TRABUCO CYN | CA | 92679 |
| MEREDITH A SCHOCH | 1111 4TH AVE | | PLATTSMOUTH | NE | 68048-2036 |
| MICHAEL A HABEL JR | 45521 LILAC LN | | BELLEVILLE | MI | 48111-2419 |
| MICHAEL H MATHENY | 1008 N 7TH ST | | LAMESA | TX | 79331 |
| MICHAEL J JONES | 1302 E FANNIN ST | | MARSHALL | TX | 75670 |
| MICHAEL KING | 3657 CHRIS AVE | | HENDERSON | KY | 42420-9774 |
| MICHAEL L CLARKE | 1801 MAIN ST | | BLOOMSBURG | PA | 17815-8842 |
| MICHAEL L SPRAY | 11416 STATE ROUTE 118 | | VAN WERT | OH | 45891 |
| MICHAEL N HAISLIP | 7384 AURELIAN SPRINGS RD | | HALIFAX | NC | 27839-9235 |

9

Second Supplemental Declaration of Linda Webster--Exhibit A

Amended List of Names and Addresses of Class Members Who Submitted Valid Requests For Exclusion From Settlement

| Name | Address | Address 2 | City | State | Zip |
|---|---|---|---|---|---|
| MICHAEL W PIERSON | 624 CHOLLA PL SE | | ALBUQUERQUE | NM | 87123-4102 |
| MICHAEL W TAYLOR | 311 CIRCLE DR | | CREAL SPRINGS | IL | 62922-3872 |
| MICHELLE J PLAGGEMEYER | 4311 PHEASANT RUN DR | | HUDSONVILLE | MI | 49426 |
| MOLINE POLICE DEPT | 1640 6TH AVE | | MOLINE | IL | 61265-2102 |
| MORRIS B HOGARD | 26883 HOKKANEN RD | | ONTONAGON | MI | 49953-9108 |
| NATHAN D RITCHIE | 3129 HOLLY BERRY LN | | JACKSONVILLE | FL | 32277-3654 |
| NEIL L SAVILLE | 109 RUSSELL ST | | LARAMIE | WY | 82070-4447 |
| NETTIE M LEWIS | 488 MATHIS RD | | CORDELE | GA | 31015 |
| NICHOLAS A HORTON | 47 METACOMMETT DRIVE | | ATTLEBORO | MA | 02703 |
| NICOLE TONN | 2216 FENWICK VILLAGE DR | | SAVANNAH | GA | 31419 |
| NIKIGIOVONIE ROGERS | PO BOX 4406 | UNIT A | SANTA ROSA | CA | 95402 |
| NORMAN A CHARLES | 52 ADAMS ST NW | | WASHINGTON | DC | 20001-1026 |
| NORMAN LEWANDOWSKI | 181 FRANKLIN RD | | KINGSLEY | PA | 18826 |
| NORMAN W GADDIE | 1611 E CARAMILLO ST | | COLORADO SPGS | CO | 80909-2859 |
| PAMELA CHURCH | 143 OLIVER EDWARDS RD | | JONESBOROUGH | TN | 37659-6536 |
| PARIDE J BIZZARRO | 4701 UTOPIA PKWY | | FLUSHING | NY | 11358 |
| PATRICIA A FLESCHNER | PO BOX 1010 | | TRINIDAD | CA | 95570-1010 |
| PATRICIA A MILITELLO | PO BOX 25 | | FARNHAM | NY | 14061 |
| PATRICIA A SURAT | 26678 352ND AVE | | PUKWANA | SD | 57370-6815 |
| PATRICK F FUNK | 2397 GUN HOUSE HILL RD | | HOBART | NY | 13788-2227 |
| PATRICK J FUEHRER | 3170 MILL CREEK DR | | STEVENS POINT | WI | 54481 |
| PAUL N HIXENBAUGH | 9095 PICABO RD | | CASCADE | CO | 80809 |
| PAULINE S BOHANNON | 4233 COOPER LN | | JACKSON | LA | 70748-3902 |
| PERRY & PAT ROULSTON FAMILY REVOCABLE TRUST | 13742 HIGHWAY 99 | | KONAWA | OK | 74849-4020 |
| PHILIP SOBEY | 4206 VERDE VIS | | GEORGETOWN | TX | 78628 |
| PHILLIP MAGERUS | 3809 SW 29TH ST | | OKLAHOMA CITY | OK | 73119-1249 |
| PHILLIP T LEWIS | 534 SIMMONS DAIRY RD | | CORDELE | GA | 31015-9023 |
| QUALICARE LANDSCAPE SERVICES I | 414 HOLFORDS PRAIRIE RD #1C | STE C # 1C | LEWISVILLE | TX | 75056 |
| QUENY Y MORALES | 720 HIGHLANDER AVE | | LA HABRA | CA | 90631-3719 |
| R B INGLISH | 3904 MARSHALL ST | | VERNON | TX | 76384-5028 |
| RAICE DAVIDSON | PO BOX 85 | | BATESVILLE | TX | 78829-0085 |
| RANDALL D CLARK | 19400 E 6TH ST N | | INDEPENDENCE | MO | 64056-2232 |

Second Supplemental Declaration of Linda Webster--Exhibit A

Amended List of Names and Addresses of Class Members Who Submitted Valid Requests For Exclusion From Settlement

| Name | Address | Address 2 | City | State | Zip |
|------|---------|-----------|------|-------|-----|
| RAYLEEN M ORLANDO | 1426 ARTHUR AVE | | LAKEWOOD | OH | 44107-3802 |
| RAYMOND C ARMSTRONG | 22415 LADERA LN | | LAND O LAKES | FL | 34639-3964 |
| RAYMOND F CORREIRO | 60 LEWIS ST | | TIVERTON | RI | 02878 |
| RENTAL CENTER INC | 1177 BROAD ST | | SUMTER | SC | 29150 |
| RICHARD A WORCESTER | 274 OLD TOWN FRM WAY | | E WALLINGFORD | VT | 05742 |
| RICHARD BOYER | 56521 DUARTE ST | | YUCCA VALLEY | CA | 92284 |
| RICHARD D HOLT | 464 HOLLIS ST | | DUNSTABLE | MA | 01827-1502 |
| RICHARD G HAMILTON | 1105 COUNTY ROAD 1460 | | QUITMAN | TX | 75783-4534 |
| RICHARD J GOLINVAUX | 3360 WOOD DUCK DR NW | | PRIOR LAKE | MN | 55372-3203 |
| RICHARD J MARTIN | 2379 205TH ST | | INDEPENDENCE | IA | 50644-9384 |
| RICHARD N WEISMAN | 5596 COUNTY ROAD 44 | | SOUTH HAVEN | MN | 55382-9340 |
| RICHARD S MOE | 127 S 8TH ST | | COCHRAN | GA | 31014-7841 |
| RIVERCOM 911 | PO BOX 3344 | # 3 | WENATCHEE | WA | 98807 |
| RMC INC | 10766 MYERS WAY S | | SEATTLE | WA | 98168 |
| ROBERT CAMERON | 30571 CONCORD CT | APT B | ROSEVILLE | MI | 48066-7332 |
| ROBERT D FERGUSON JR | 8017 HILLSHIRE CT | | ANCHORAGE | AK | 99504 |
| ROBERT D MILLER | 203 LARK ST | | AMARILLO | TX | 79124 |
| ROBERT E DEGLER | 270 RED CHURCH RD | | AUBURN | PA | 17922-9796 |
| ROBERT H TAIT | 19 LEDYARD RD | | WINDSOR LOCKS | CT | 06096 |
| ROBERT J WILSON | 934 SUMMERFIELD DR | | NAPLES | FL | 34120-1415 |
| ROBERT L NEWSOME | 3710 CASTLE PINES LN | | ALBANY | GA | 31721 |
| ROBERT M GERBER | PO BOX 157 | | WALNUT CREEK | OH | 44687 |
| ROBERT M LEBARRON | 110 COTHERMAN DR | | LAKE GEORGE | NY | 12845-7441 |
| ROBERT N FELDMAN | 509 E ROBERTS ST | | NORRISTOWN | PA | 19401 |
| ROBERT R LOWERY | 13850 SE 20TH ST | | MORRISTON | FL | 32668 |
| ROGER A MOE | 421 QUEENAN AVE S | | LAKELAND | MN | 55043 |
| ROGER E MEEKER | PO BOX 49 | | AVOCA | AR | 72711-0049 |
| ROGER E PAYNE | 12602 SHOEMAKER RD | | EXCELSIOR SPG | MO | 64024-5265 |
| ROGER K TERPENING | 388 GREEN ST | | SPRINGPORT | MI | 49284-9536 |
| RONALD A BARMAN | 8513 RIDGEWOOD RD | | ROCK ISLAND | IL | 61201 |
| RONALD A KREBSBACH | 2110 VALLEY PARK RD | | FENTON | MO | 63026 |
| RONALD A LITTLEFIELD | 706 W 1950 N | | WEST BOUNTIFUL | UT | 84087-1103 |
| RONALD C WATERFALL | 504 S 4TH ST | | MILBANK | SD | 57252 |

Second Supplemental Declaration of Linda Webster--Exhibit A

Amended List of Names and Addresses of Class Members Who Submitted Valid Requests For Exclusion From Settlement

| Name | Address | Address 2 | City | State | Zip |
|------|---------|-----------|------|-------|-----|
| RONALD DAVIDSON | 3399 LOREN DR | | JACKSON | MI | 49203-4921 |
| RONALD J CHIAVACCI | 318 ALDER ST | | SCRANTON | PA | 18505-1202 |
| RONALD J GUTH | 1541 MAPLE ST | | MORRISDALE | PA | 16858 |
| RONALD L MARTIN | 308 7TH ST | | GLENWOOD | MO | 63541 |
| RONALD PILE | 1509 CONCORD ST | | LOWELL | AR | 72745 |
| ROSA LETA ADAMS-KRAUSE | HC3 BOX 32A | | HOOKER | OK | 73945-9519 |
| ROSS A UPSTON | 51420 SHORTS ROAD | | LEONIDAS | MI | 49066 |
| RUBEN HINOJOSA | 1935 S FM 2191 | | FALFURRIAS | TX | 78355-5772 |
| RUDOLPH JOHNSON | 3307 JACKSON AVE | | TYLER | TX | 75705 |
| RUDOLPH O FREY | 2050 WILLOW WAY | | SAN BRUNO | CA | 94066 |
| RUSSELL A CLARK | 2225 SHROPSHIRE AVE | | FORT COLLINS | CO | 80526 |
| S&J CONSTRUCTION SPECIALISTS LLC | PO BOX 2543 | | SAPULPA | OK | 74067-2543 |
| SAMANTHA D WATT | 835 EAST SNOW CREEK ROAD | | JORDAN | MT | 59337-9625 |
| SAMMY L CLEMONS | 1325 SIX FLAGS DR | APT 308 | AUSTELL | GA | 30168-7069 |
| SAMUEL SMITH | 225 GALAHAD LP RD | | WOODVILLE | TX | 75979-7361 |
| SARAH E JOHNSON | 1608 N STEVEN DR | | HOBBS | NM | 88240-4213 |
| SCOTT A HAMMOND | 5108 S WOODWIND AVE | | SIOUX FALLS | SD | 57108-5122 |
| SCOTT M MYREHN | 4846 E FIFTH ST | | CARSON CITY | NV | 89701 |
| SEAN HAWK | 3266 MERIDIAN RD | | MITCHELL | IN | 47446-6951 |
| SHOSO HANAMOTO | 546 MIRAMONTE AVE | | MORGAN HILL | CA | 95037 |
| SILVER SURFER TRANSPORTATION CO, LLC | 2549 SYCAMORE CANYON ROAD | | SANTA BARBARA | CA | 93108-1936 |
| SOUTHGATE COMMUNITY SCHOOL DIS | 14600 DIX-TOLEDO ROAD | | SOUTHGATE | MI | 48195-1891 |
| SPARK VIEW CORP | 349 OLD MILL RD | | VLY COTTAGE | NY | 10989-1537 |
| STACI BLANKENSHIP | 118 COUNTY ROAD 4091 | | JONESBORO | AR | 72404-8866 |
| STEPHEN OLKOWSKI JR | 104 OAKMONT CIR | | NEW BERN | NC | 28562 |
| STEPHEN WIDAU | 10689 DARNEAL DRIVE | | FOUNTAIN | CO | 80817 |
| STEVEN C LOVE | PO BOX 260 | | HEALY | AK | 99743-0260 |
| STEVEN F JOHNSON | 916 N GREENFIELD AVE | | WAUKESHA | WI | 53186-5227 |
| SUMNER COUNTY BOARD OF EDUCATI | 1500 AIRPORT RD | | GALLATIN | TN | 37066-3792 |
| TERRI TARR | 2821 N SHERMAN ST | | EVANSVILLE | IN | 47711-3347 |
| TERRY L GILMORE | 402 N SPRUCE ST | | SAINT MARYS | OH | 45885-1745 |
| THERESA G BRINKER | 4505 NE GATEWAY DR | | LEES SUMMIT | MO | 64064-7859 |

**Second Supplemental Declaration of Linda Webster--Exhibit A**
**Amended List of Names and Addresses of Class Members Who Submitted Valid Requests For Exclusion From Settlement**

| Name | Address | Address 2 | City | State | Zip |
|------|---------|-----------|------|-------|-----|
| THOMAS E THIES | 8308 MARQUETTE AVE NE | APT 1 | ALBUQUERQUE | NM | 87108-2488 |
| THOMAS J BERESFORD | 8542 RIDGECREST DR | | WEST CHESTER | OH | 45069-3221 |
| THOMAS J TROJNIAR | 10642 W SILVER LAKE DR | | FRANKFORT | IL | 60423-7930 |
| THOMAS P DURFEE | 15911 MACARTHUR | | REDFORD | MI | 48239-3983 |
| TIMOTHY REAGAN | 1700 SE 4TH ST | | SMITHVILLE | TX | 78957 |
| TNT WELDING | 54047 115TH ST | # 277 | STORY CITY | IA | 50248-8502 |
| TOM J ERNSTING | 30632 521ST AVE | | WINTHROP | MN | 55396-2081 |
| TONI L MAYO | 1903 LOCUST AVE | | SHASTA LAKE | CA | 96019 |
| TONY J FELTY | 456 S MACARTHUR AVE | | PANAMA CITY | FL | 32401 |
| TOWN & COUNTRY AUTOBODY & SALE | 315 S 4TH ST | | ONEILL | NE | 68763-1817 |
| TOWN OF CHESTER HWY DEPT | 77 LAROE RD | | CHESTER | NY | 10918-1484 |
| TRU BILT FARM & COMMERCIAL | 9328 FOYT RD | | MARION | IL | 62959 |
| V J & P A DALLAROSA REVOCABLE LIVING TRUST | 521 SKYLARK DR | | OKLAHOMA CITY | OK | 73127-6066 |
| VENITA L FINHART | 6735 COUNTY ROAD 108 SW | | STEWARTVILLE | MN | 55976-8337 |
| VERL BOREN | PO BOX 37 | | BEDROCK | CO | 81411-0037 |
| VIVIAN L RIEBELING | 20732 HADLEY RD | | FOLEY | AL | 36535-3048 |
| WALTER R LONG | PO BOX 22 | | MC EWEN | TN | 37101-4642 |
| WALTER S ELLIS | 14440 GILBERT RD | | ALLENTON | MI | 48002 |
| WANDEEN SAKEWITZ | 801 CARLOS PARKER BLVD SE | | TAYLOR | TX | 76574-1286 |
| WARREN P DAIGLE JR | 608 LEO ST | | PATTERSON | LA | 70392-4127 |
| WARREN R & VIRGINIA L WYNN | 3441 HEMLOCK LN | | OKLAHOMA CITY | OK | 73120-5601 |
| WARREN R ROCKWOOD | 322 COLE RD | | FULTON | NY | 13069-4753 |
| WASSER & WINTERS CO | PO BOX 396 | | LONGVIEW | WA | 98632-7252 |
| WAYNE B KNUTSON | 902 VERNON DR | | COPPERAS COVE | TX | 76522-4723 |
| WAYNE HOLMAN | 3154 CANTERBURY LN | | PORT NECHES | TX | 77651-6217 |
| WAYNE K LEHMAN | 19153 WELLS FERRY RD | | BETTENDORF | IA | 52722-7329 |
| WENDELL E SHAFFER | 318 KYLE RUN RD | | FALLS CREEK | PA | 15840-1908 |
| WESLEY R BOYD | 92 CANTERBURY LN | | JOPLIN | MO | 64801-1567 |
| WILEY & JUDITH RISLEY REV TRST | 2104 SILVERTREE LN | | EDMOND | OK | 73013-2860 |
| WILLIAM C GRIFFIS | 23483 FARM ROAD 2238 | | SHELL KNOB | MO | 65747-7436 |
| WILLIAM C WISEHART | 200 MEADOW VIEW DR | | MAMMOTH LAKES | CA | 93546 |
| WILLIAM D BURNSIDE | 51 SENECA TRL | | MONTROSE | WV | 26283 |

**Second Supplemental Declaration of Linda Webster--Exhibit A**
**Amended List of Names and Addresses of Class Members Who Submitted Valid Requests For Exclusion From Settlement**

| Name | Address | Address 2 | City | State | Zip |
|------|---------|-----------|------|-------|-----|
| WILLIAM D TEDDLIE | 67 COUNTRY WAY | | MAXWELL | TX | 78656-4356 |
| WILLIAM G MARTINEAC | 39284 WADE RD | | ROMULUS | MI | 48174-1038 |
| WILLIAM H SMITH | 22877 FOUR S LN | | JULIAETTA | ID | 83535 |
| WILLIAM L SEARS | 1131 HIGHLAND FARMS DR | | WENTZVILLE | MO | 63385 |
| WILLIAM R RUSSELL JR | 6315 LAKEBEND CT | | GREENSBORO | NC | 27410 |
| WILLIAM W MYERS JR | 5815 BONNIE VIEW LN | | ELKRIDGE | MD | 21075-5225 |
| WILLIAM WOS | 3684 S MEMORIAL SHOREWAY DR | | LKSID MARBLHD | OH | 43440-2368 |
| YAKIMA TIETON IRRIGATION DIST | 470 CAMP 4 RD | | YAKIMA | WA | 98908-8812 |